UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x          **Case No. 13-44999**
In Re:

**Ashand Enterprises, Inc.**

**LETTER TO**
**HONORABLE JUDGE CARLA E CRAIG**
Request for Hearing and/or Order

**Debtor,**
--------------------------------------------------------x

Dear Judge Craig,

Karen Veeraswamy, (PRO SE, Creditor) the undersigned, hereby affirms the following
and also herewith filed a Notice of Appearance of Creditor, and filed a Proof of Claim
with this Court.

1. On August 14, 2013, the Debtor, Ashand Enterprises, Inc. filed a petition seeking an
Order for relief under the protective provisions of Chapter 11 of Title 11 of the United
States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. The Debtor is a corporation that owns as its sole asset one-piece of real property
located at 1114 Ward Avenue, Bronx, NY (the "Property"). The Debtor has its principal
office at 86-48 122 Street, Richmond Hill, NY.

3. The Principle of Ashand Enterprises, Inc. is Velappan Veeraswamy.

<u>BRIEF MARITAL BACKGROUND</u>

4. I am married to Velappan Veeraswamy for past 24 years. We have two children
from this marriage, a daughter 21 years old and a son 14 years old. Divorce was
filed in Queens Supreme Court in 2011. I am a home maker and presently have
full custody of our son.

5. Ashand Enterprises, Inc. is a marital property pursuant to Domestic Relation
Law (DRL 236 Part B (c))

PAGE-1 OF 4

## Domestic Support Obligations

6. Queens Supreme Civil Court has ordered Velappan Veeraswamy to pay $5733.33 every month towards support payments. The Court also ordered Velappan Veeraswamy to pay $1500.00 in addition every month towards arrears support payments.

7. As of this date, Velappan Veeraswamy owes $63,052.04 in domestic support obligations.

8. Presently there is "Contempt of Court" Motion pending against Velappan Veeraswamy in Queens Supreme Civil Court for defying Court Orders.

## Hiding and Transfer of Cash Assets

9. In defiance to the Domestic Relations Law, "Automatic Stay" regarding transfer of assets, Velappan Veeraswamy has been transferring cash assets.

10. In year 2012 alone, within a period of 6 months, there is Western Union Cash Transfer Receipts Evidence of Velappan Veeraswamy sending more $400,000 cash throughout the world.

11. In year 2011, in one overseas bank account alone, Velappan Veeraswamy has a deposit of approximately 1.6 million United States dollars.

## Continuation of money transfer after bankruptcy filing

12. In Operating Report filed by Ashand Enterprises, Inc. for October 2013, there are two checks (check # 1021 and # 1023) paid to Dhanasar Singh in the amount of $1200 and $1350.

13. Attached is money transfer receipts made by Dhanasar Singh for a total of $4240.00

PAGE-2 OF 4

## Request for Court appointed Independent Property Manager/Receiver

14. Due to Velappan Veeraswamy's lack of credibility, lack of transparency, and defiance and disregard to laws and authorities, the undersigned requests this Honorable Court to appoint an Independent Property Manager/Receiver for the real property located at 1114 Ward Avenue, Bronx, NY

## Request for Court appointed Independent Real Estate Broker

15. For the same reason mentioned in paragraph 14, the undersigned requests this Honorable Court appoint an Independent Real Estate Broker to the sell the property.

## Request to include Domestic Obligation in Rental Proceeds Stipulation

16. The Undersigned requests this Honorable Court to include the Domestic Obligation Payments in any stipulations regarding the Debtor's use of rental income from the Debtor's real property. (The "Rents")

17. The Undersigned requests this Honorable Court, a Hearing and/or any Order that this Court deems proper, regarding the above mentioned issues.


Respectfully Submitted,


On this 22 day of November 2013.

KAREN VEERASWAMY (PRO SE)
6337 FOREST AVE, APT #1R
RIDGEWOOD, NY 11385
TEL: (917)717-2396
Email: ammasami@gmail.com


CC: Bruce Bronson
    McCarter and English LLP
    United States Trustee

PAGE-3 OF 4

## EXHIBITS

Exhibit-A   Decision/Order   Pages 1-9

Exhibit-B   Summary of Domestic Support Obligations   Pages 1-2

Exhibit-C   Checks paid to Dhanasar Singh (Debtor's October Operating Report)

Exhibit-D   Dhanasar Singh Cash Money Transfer Receipts Pages 1-4

Exhibit-E   Filing/attempt to filing of (false?)Claim signed by V.Veeraswamy

against Ashand Enterprises Inc. ( Debtor)

Exhibit-F   $100,000 for "Business Travel"

Exhibit-G   Cash deposit of approximately 1.6 million U.S. Dollars.

Exhibit-J   February 2012 Statement for Debtor's property. PAGES 1-4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS, IA PART 53
-----------------------------------------------------------------x    Index No.: 12256/11
KAREN VEERASWAMY,

                                                                      Motion Seq. No.: 1
                                              Plaintiff,              Papers Submitted: May 14, 2013

            -against-
                                                                      DECISION/ORDER
VELAPPAN VEERASWAMY,

                                              Defendant.
-----------------------------------------------------------------x
HON. ANNA CULLEY, A.J.S.C.

The foregoing papers numbered 1 to 4 were read on this motion by defendant for an order
seeking to downwardly modify his child support payments. Plaintiff cross-moves for 1) an award
of temporary maintenance; 2) temporary custody of the parties' son to the plaintiff; 3) upwardly
modifying defendant's child support payments; 4) granting plaintiff exclusive use and occupancy
of marital residence located at 85-45 115th Street, Richmond Hill, NY; 5) compelling defendant
to comply with outstanding disclosure; 6) compelling defendant to resume health insurance
coverage for the plaintiff and the parties' son; 7) granting plaintiff interim counsel fees of
$30,000.00; 8) compelling defendant to appear for an examination before trial; 9) ordering
consequences if defendant does not obey a disclosure order; and 10) appointing a temporary
receiver for a residential/commercial building located at 1114 Ward Avenue, Bronx, NY.

|                                                                        | Papers Numbered |
| --- | --- |
| Motion - Affidavits - Exhibits ............................................................ | 1 |
| Notice of Cross Motion - Affidavits in Opposition - Exhibits ...................... | 2 |
| Reply Affidavit - Exhibit .................................................................. | 3 |
| Reply Affidavit in Support of Cross Motion - Exhibits ............................... | 4 |

        Upon the foregoing papers it is ordered that the motion is determined as set forth herein.


## BACKGROUND

The parties were married on December 22, 1990. There are two children born of the marriage;

the first child, ███████████ born on March 24, 1992 and the second child, ███████

███████ born on October 3, 1999.

        On or about March of 2011, plaintiff and the two children left the marital home. On May

19, 2011 plaintiff commenced the instant action for divorce.

1

EXHIBIT  A          PAGE ①

On July 30, 2012, the parties entered into a stipulation which was "so ordered" by the court (J. Esposito) wherein the defendant agreed to make bi-weekly child support and maintenance payments in the amount of $1,361.75.00.  On October 2, 2012, the defendant moved for a downward modification of his child support obligation.  Plaintiff cross-moved for various forms of relief as outlined above.  These motions were continually adjourned by the prior judge and eventually submitted to this court for a decision in May of 2013.

## TEMPORARY CUSTODY OF THE MINOR CHILD

The court will first address the branch of plaintiff's cross-motion seeking temporary custody of the parties' minor child.  The court's primary concern in any custody dispute is the best interests of the children.  *A.-S. v. A.-S.*, 107 A.D.3d 703, 967 N.Y.S.2d 99, 102 (2013); *see also* DRL § 240(1)(a) (McKinney).  When determining the best interests of the children, the court must consider "the ability to provide for the child's emotional and intellectual development, [and] the quality of the home environment and the parental guidance provided." *Gilleo v. Lienhard*, 19 A.D.3d 490, 798 N.Y.S.2d 454, 455 (2d Dept. 2005).

In the present action, it is in the minor child's best interest for temporary custody to be given to the plaintiff.  The plaintiff has maintained custody of the minor child since she left the marital home.  There is no reason to change custody at the present time.  Based on the foregoing, it is

**ORDERED** that the plaintiff is granted, *pendente lite*, custody of the minor child.

## DEFENDANT'S REQUEST FOR A DOWNWARD MODIFICATION OF SUPPORT

In regard to defendant's request for an order of a downward modification of an existing child support obligation, the payor must prove he has experienced a "substantial and unanticipated change in circumstances." *Mera v. Rodriguez*, 74 A.D.3d 974, 904 N.Y.S.2d 83, 84 (2d Dept. 2010); *see e.g.*, DRL § 236(B)(9)(b) (McKinney), *Talty v. Talty*, 42 A.D.3d 546, 547, 840 N.Y.S.2d 114, 115 (2d Dept. 2007).  To determine if there has been a substantial and unanticipated change in circumstances justifying a downward modification, the court must compare the payor's financial situation at the time the downward modification was requested to the payor's financial situation at the time the child support was ordered. *See Sannuto v. Sannuto*, 21 A.D.3d 901, 903, 800 N.Y.S.2d 601, 603 (2d Dept. 2005).

2


EXHIBIT A    PAGE ②

The defendant in this action did not meet his burden of establishing a substantial and unanticipated change in circumstances that would justify a downward modification of his existing support obligation. First, the defendant claims that his request for a downward modification of his support obligation should be granted because he is unable to earn enough money to support his current support obligation. The defendant asserts that at the same time his wife left the marital home, she stopped helping him manage a piece of property owned by the parties.[1] Defendant claims because his wife no longer helps him run this property, he is unable to earn an income that can support a bi-weekly child support order of $1,361.75 since the management of this property has cut into his time working as a real estate broker which he claims is his more lucrative profession. However, the plaintiff left the marital home and stopped assisting in the management of the property in March of 2011. The parties did not enter into the stipulation regarding the maintenance and child support payments until July 30, 2012; more than one year after the defendant no longer had plaintiff's help managing the property.

Comparing the defendant's financial situation on July 30, 2012 to his financial situation on October 2, 2012, it cannot be said that the defendant's loss of assistance to the running of the property was substantial enough to warrant a downward modification of his existing combined support obligation.

The defendant further claims that a downward modification of his existing child support obligation is warranted because several units on the property are difficult to rent. However, the defendant came into possession of the property on or around January 17, 1996 and, therefore, had several years to adjust to the complexities of owning that particular piece of real estate. Although the real estate market has seen difficulties over the past several years, it cannot be said that the condition of the real estate market between July 30, 2012 and October 2, 2012 was a substantial and unanticipated change allowing for a downward modification of the defendant's existing support obligation.

Finally, the defendant claims that his employment opportunities are restricted because of varying health issues. However, defendant has not provided any competent evidence to establish an inability to work. Accordingly, it is

---

[1]This property is situated in the Bronx and is owned by a corporation but neither parties dispute that this is not a marital asset. This property has approximately 70 residential units and three commercial tenants.

3

 

EXHIBIT A     PAGE ③

**ORDERED** that the defendant's motion for a downward modification of support obligation is denied.

## PLAINTIFF'S REQUEST FOR AN UPWARD MODIFICATION OF SUPPORT

The plaintiff moves for, among other things, an award of maintenance, an upward modification of the defendant's child support obligation, and an award of attorneys' fees. These requests are all contingent upon, what is arguably the most contested issue in this action, the true nature of the parties' income. The defendant claims an annual income of seventy-five thousand dollars ($75,000.00). Plaintiff, however, asserts that number is considerably deflated, and urges a higher annual income of $200,000 be imputed to the defendant for the purpose of determining *pendente lite* orders of maintenance, child support, and attorneys' fees. Plaintiff claims zero income on her Net Worth Statement and states that she currently is a student earning her Engineering Degree.

In opposition to plaintiff's request for an upward modification of the support award, defendant alleges that plaintiff owns real estate in land owned by the Seneca Nation and that she collects rents from a home on that land. This is neither denied nor addressed by the plaintiff. It is also unclear as to whether or not the children of the marriage receive tribal annuities for their own benefit. This has not been addressed by either party.

In matrimonial actions, when the court finds that a party's account of his or her own finances is not credible, "the court is justified in finding a true or potential income higher than that claimed." *Scammacca v. Scammacca*, 15 A.D.3d 382, 790 N.Y.S.2d 482 (2d Dept. 2005); *see also Gravenese v. Marchese*, 57 A.D.3d 992, 993, 870 N.Y.S.2d 444, 446 (2d Dept. 2008). The court may evaluate an imputed income based on the party's past income, demonstrated earning powers, and assets including the payor's real estate holdings and bank accounts. *See Id.; Cusumano v. Cusumano*, 96 A.D.3d 988, 989, 947 N.Y.S.2d 175, 176 (2d Dept. 2012); *see also Fragola v. Alfaro*, 45 A.D.3d 684, 685, 845 N.Y.S.2d 437, 438 (2d Dept. 2007) (holding that "[t]he [trial] court properly considered the father's assets, including his real estate holdings and his bank account, as well as his earning capacity...").

Plaintiff has provided credible evidence including; account statements from the defendant's Bank of India checking and savings accounts showing a balance, as of June 30, 2011, of approximately one million and three hundred thousand dollars ($1,300,000.00); a letter from

4



EXHIBIT A    PAGE ④

Capital One stating that the defendant's checking account, as of April 1, 2011, had a balance of one hundred thirty-five thousand, one hundred seventy-one dollars and eighty-six cents ($135,171.86); numerous Money Grams sent by the defendant totaling in excess of four hundred thousand dollars ($400,000.00); and the financial affidavit of the defendant to Boricwa College for Ms. Sameera Shadan, defendant's alleged paramour, claiming a one hundred thousand dollar ($100,000.00) annual income. Further, the defendant values his personal wealth at about $10 million dollars. The court acknowledges that all of his wealth is not liquid and a portion is leveraged, however, it is clear that the defendant has personal income greater than his purported income of $75,000.00. It is further noted that he is driving a 2012 Lexus with a present value of over $35,000.00. It is inconceivable how someone with a purported income of $75,000.00 before taxes could afford a car that cost over 50% of his income after taxes.

The court finds, based on the above, that defendant's account of his own finances is not credible, an annual income of $150,000.00 will be imputed to the defendant for the purpose of determining the plaintiff's request for an upward modification of the existing maintenance and child support obligation, and attorneys' fees.

This court will calculate temporary maintenance and child support based on the imputed income of defendant and the purported lack of income of plaintiff.

In determining an award of *pendente lite* maintenance in a matter commenced after October 12, 2010, the court is required to apply the new mandatory *pendente lite* maintenance guidelines enacted by the legislature. *See* D.R.L.§ 236 B (5-a). In order to determine the temporary maintenance awarded, calculations are based upon each of the parties' income as defined by statute. The court must order the presumptive award of temporary maintenance unless the court finds that the presumptive award is unjust or inappropriate.

For purposes of the maintenance calculation, the parties annual gross income is used after deducting FICA and Medicare, which is equivalent to approximately 7.65%. In addition for NYC residents, you also deduct the amount paid for NYC income taxes. However, in this particular case, the defendant's tax return for 2012 does not show any amount of NYC income taxes or payment of FICA and Medicare. Therefore, those amounts will not be deducted in determining the correct presumptive award.

Under Step 1: ($150,000 x 30%=$45,000) less ($0 x 20%=$0)=$45,000
Under Step 2: $150,000 ÷ 0 =$150,000 x 40%=$60,000

5


EXHIBIT A  PAGE (5)

The lesser resulting amount is Step 1 or $45,000 per year or $3,750.00 per month.

As to child support, the court using the above amounts (father's income of $105,000 and mother at $45,000), and capping the income at $136,000.00, the parental child support obligation annually is $34,000.00 or $2,833.33 per month. The non-custodial parent's basic child-support obligation is $23,800.00 and custodial parent's child support obligation is $10,200.00. The non–custodial parents' basic child-support obligation is $1,983.33 per month and the custodial parent's obligation is $850.00 per month. The parties' obligation for un-reimbursed medical expenses and statutory add-ons is 70% father and 30% mother.

An award of temporary maintenance is appropriate so that the non monied spouse can work towards becoming economically independent from his or her former spouse, plaintiff in the instant action is entitled to receive temporary maintenance. *See DiBlasi v. DiBlasi,* 48 A.D.3d 403, 404, 852 N.Y.S.2d 195, 197 (2d Dept. 2008). Accordingly, it is

**ORDERED** that the branch of the plaintiff's motion seeking an upward modification in child support and maintenance payments is granted and the defendant is directed to pay maintenance in the amount of $3,750.00 per month and child support in the amount of $1,983.33 per month retroactive to the date of the request for an upward modification. Payments are to begin on November 1, 2013. The arrears can be paid at the rate of $1,500 per month or as agreed by the parties by written stipulation.

## PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

With regard to the branch of the motion seeking attorneys' fees, the court may order one party to pay the other party's attorneys' fees, if justice so requires. DRL § 237(a), (d). To ensure that the "matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet," courts have commonly held that justice requires an award of attorney's fees to redress "the economic disparity between [a] monied spouse and [a] non-monied spouse." *O'Shea v. O'Shea,* 93 N.Y.2d 187, 190-193, 711 N.E.2d 193, 195 (1999). The party requesting attorneys' fees must provide evidence of the amount requested, and show that they are "entitled to an award under the circumstances." *See Sassano v. Sassano,* 143 A.D.2d 893, 894, 533 N.Y.S.2d 507, 508 (2d Dept. 1988) (holding that attorneys' fees will not be awarded where there is a lack of evidence for the amount requested, and "there is a failure to sustain the burden of proving entitlement to an award under the circumstances"). If attorneys' fees are awarded, it must be

6



EXHIBIT A   PAGE (6)

reasonable to those circumstances. *O'Shea v. O'Shea*, 93 N.Y.2d at 193, 711 N.E.2d at 197.

The plaintiff has proven that an economic disparity exists between herself and her husband that would warrant an award of attorneys' fees. Presently, the plaintiff's only income is a small annual tribal annuity, while the defendant, for the reasons discussed *supra*, is considered to earn $150,000 annually. Further, the defendant's non-compliance with outstanding discovery requests shows that he has no intention of moving this action along in a timely fashion; and because of his substantial assets, he can afford to do so much longer than the plaintiff. The economic disparity that exists between the parties places the plaintiff at a severe legal disadvantage. Accordingly, with regard to the branch of the motion seeking attorneys fees, it is

**ORDERED** that the plaintiff's request for attorneys' fees is granted and the plaintiff's attorneys are awarded attorneys' fees in the amount of twenty thousand dollars( $20,000.00). This amount may be paid to plaintiff's attorneys in monthly increments of $5,000.00 beginning November 1, 2013 or any other payment arrangement that is agreeable to the parties. The plaintiff is granted leave to seek additional fees, if necessary.

## EXCLUSIVE USE AND OCCUPANCY OF THE MARITAL HOME

With regard to plaintiff's request for exclusive use and occupancy of the marital residence located 85-45 115th Street, Richmond Hill, NY. In matrimonial actions, "the court may 1) determine any question as to the title to property arising between the parties, and 2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties." DRL § 234 (McKinney). Taking into account the circumstances of the case and parties, the plaintiff's request for exclusive use and occupancy is denied. The defendant is presently in possession of the property, and he is leasing spare rooms to various tenants. Based on the foregoing, it is

**ORDERED** that plaintiff's branch of the motion seeking exclusive use and occupancy of the marital residence is denied at this time.

## PLAINTIFF'S REQUEST FOR DISCOVERY

In relevant part, CPLR § 3124 states that "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article ... the party

7


EXHIBIT A   PAGE (7)

seeking disclosure may move to compel compliance or a response. CPLR § 3124 (McKinney). Further, "[t]here is no requirement upon the movant other than to show that no response had been received." *All Boro Psychological Servs., P.C. v. Allstate Ins. Co.*, 39 Misc. 3d 9, 11, 962 N.Y.S.2d 844, 845 (App. Term 2013).

An order compelling the defendant to comply with the discovery requests is appropriate in this action. The parties appeared before this court on October 2, 2013 and entered into a further compliance conference order which included provisions for the outstanding discovery and the scheduling of depositions. As such, this branch of the motion is denied as moot.

## PLAINTIFF'S REQUEST FOR DEFENDANT TO MAINTAIN MEDICAL INSURANCE

In matrimonial actions, "the court may order a party to ... maintain"a health insurance policy "for either spouse or children of the marriage not to exceed such period of time as such party shall be obligated to provide maintenance, [or] child support." Dom. Rel. Law § 236(B)(8)(a) (McKinney). The factors affecting the non-moving party's obligation to pay the moving party's health insurance costs are the same as those for determining temporary maintenance awards. *Kelly v. Kelly*, 69 A.D.3d 577, 578-579, 892 N.Y.S.2d 185, 187-188 (2d Dept. 2010) (holding that the court must consider "the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, and the ability of the plaintiff to become self-supporting" when deciding whether an order a party to pay insurance costs).

For the same reasons, plaintiff's request for temporary maintenance is granted, discussed *supra*, the plaintiff's request that the defendant maintain all medical, dental, and prescription drug insurance for the plaintiff and the parties' children inclusive of deductible and uncovered items is granted. Based on the foregoing, it is

**ORDERED** that the defendant is ordered to maintain the plaintiff's health insurance, and ordered to maintain the parties' children's health insurance so long as the defendant is paying child support.

## PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF TEMPORARY RECEIVER

With regard to the branch of the motion seeking the appointment of a temporary receiver for the property located at 1114 Ward Avenue, Bronx, New York, that application is denied.



Presently a receiver has been appointed by the Bankruptcy Court.

Based on the foregoing, it is

**ORDERED** that plaintiff's request for the appointment of a receiver is denied. The matter is adjourned to November 7, 2013 for a pre-trial conference.

Any other relief requested not specifically addressed herein is denied. This constitutes the decision and order of the court.

Both sides have been e-mailed/faxed a copy of this Decision/Order.

_____
ANNA CULLEY, A.J.S.C.

Dated: October 07, 2013

EXHIBIT A PAGE (9).

**CASE NO: 13-44999 CEC**         **Domestic Support Obligations**

Velappan Veeraswamy, Principal of Ashand Enterprises, Inc.(The DEBTOR)
Pursuant to Domestic Relations Law (DRL 236 Part B (c)), Ashand Enterprises is a
marital property.

Support payments to be paid $2723.50 per month until October 2012

Support payments to be paid $3,750.00 + $1,983.33 = $5,733.33 per month beginning November 2012.

| Date | Amount | Payee | Number | Note |
|---|---|---|---|---|
| 11/05/11 | 1361.75 | TD | 152 | |
| 11/15/11 | 361.75 | Capital One | 298 | |
| 12/02/11 | 1361.75 | Capital One | 317 | |
| 12/15/11 | 1367.00 | TD | 155 | |
| 01/15/12 | 2734.00 | Capital One | 326 | |
| 02/15/12 | 2750.00 | Capital One | 345 | |
| 03/04/12 | 2734.00 | Capital One | 306 | |
| 05/02/12 | 1375.00 | Chase | 0004630002 | |
| 06/01/12 | 1375.00 | TD | 275 | |
| 06/15/12 | 1361.75 | TD | 165 | |
| 07/01/12 | 1361.75 | TD | 169 | |
| 08/03/12 | 1361.71 | TD | 286 | |
| 08/08/12 | 1361.75 | TD | 287 | |
| 08/10/12 | 1361.75 | TD | 288 | |
| 09/03/12 | 1361.75 | TD | 292 | |
| 10/06/12 | 1361.75 | TD | 297 | |
| 10/15/12 | 1361.75 | TD | 302 | |
| 11/01/12 | 1361.75 | chase | 107 | received 12/12 |
| 11/16/12 | 1361.75 | chase | 108 | received 12/12 |
| 12/11/12 | 1361.75 | chase | 161 | |
| 12/17/12 | 1361.75 | chase | 191 | received 01/13 |
| 01/02/12 | 1361.75 | chase | 192 | received 01/13 |
| 01/15/12 | 1361.75 | chase | 198 | |

EXHIBIT-B    PAGE ①

| 01/31/13 | 1361.75 | chase | 201 |
| 02/07/13 | 1361.75 | chase | 20_ |
| 06/20/13 | 1000.00 | TD | 364 |
| 06/30/13 | 1000.00 | TD | 365 |
| 09/07/13 | 1000.00 | Capital one | 451 |

| 09/08/13 | bad check | | | 1000.00 | Capital one | 452 |
| 09/10/13 | bad check | | | 1000.00 | Capital one | 453 |
| 09/16/13 | 2000.00 | TD | 81279541-1 | official check | |
| 09/28/13 | 1000.00 | TD | 469 | |
| 09/30/13 | 1000.00 | TD | 470 | |

| Total received | 44208.25 |
| Due through 11/2013 | 107215.29 |
| Bad check fees | 45.00 |
| Balance due | 63052.04 |

EXHIBIT - B    PAGE (2)

# *Capital One Bank*

## MANAGE YOUR CASH

CASH MANAGEMENT  CHECKING  MONEY MARKET  CDs  LOANS

**CHECK DETAIL**   FOR PERIOD SEPTEMBER 01, 2013 - SEPTEMBER 30, 2013

**Commercial Checking** Redacted 6670



#1021   09/30   $1,200.00



#1023   09/30   $1,350.00

EXHIBIT - C

Branch bank products and services offered by Capital One, N.A.
Capital One Bank is a trade name of Capital One, N.A.
and does not refer to a separately insured institution.
Member FDIC. © 2013 Capital One, All rights reserved.

 
MEMBER FDIC



CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

THE CHECK CASHING PLACE - #64

106693351902
Date: 10/7/13 Time: 6:47 PM

Sender Information:
DHANASAR SINGH
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

Recipient Information:
richard horn

Expected Destination: USA (IL)
10 Minute Service - USD

FREE Phone Call
Dial                    1-888-910-3210
PIN                     1089026717

Reference #             86476802

Date Available in Receive Country:
10/7/13
*May be available sooner*

Transfer Amount:        500.00 USD
Transfer Fees:           37.00 USD
Transfer Taxes:           0.00 USD

Total:                  537.00 USD

Exchange Rate:           1.0000

Transfer Amount:        500.00 USD
Other Fees:             -0.00 USD
Other Taxes:            -0.00 USD

Total to Recipient:     500.00 USD



CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

THE CHECK CASHING PLACE - #64

136693351903
Date: 10/8/13 Time: 12:03 PM

Sender Information:
DHANASAR SINGH
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

Recipient Information:
antonie noonen

Expected Destination: NLD
10 Minute Service - EUR

Reference #             32091664

Date Available in Receive Country:
10/8/13
*May be available sooner*

Transfer Amount:        250.00 USD
Transfer Fees:           24.00 USD
Transfer Taxes:           0.00 USD

Total:                  274.00 USD

Exchange Rate:           0.7071

Transfer Amount:        176.78 EUR
Other Fees:             -0.00 EUR
Other Taxes:            -0.00 EUR

Total to Recipient:     176.78 EUR

EXHIBIT-D        PAGE-①

MoneyGram

CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

EME SERVICES

87500573000150800028409
Date: 9/19/13 Time: 10:33 AM

**Sender Information:**
DHANASAR SINGH
114-50 NELLIE OAK
CLERMONT, FL 34711
Phone: 3475803030

**Recipient Information:**
BELLO SAHEED ADEWALE

Expected Destination: ZAF
10 Minute Service - ZAR

Reference # 64859942

Date Available in Receive Country:
9/19/13
*May be available sooner*

| | |
|---|---|
| Transfer Amount: | 650.00 USD |
| Transfer Fees: | 16.00 USD |
| Transfer Taxes: | 0.00 USD |
| Total: | 666.00 USD |
| Estimated Exchange Rate: | 9.2382 |
| Estimated Transfer Amount: | 6004.88 ZAR |
| Other Estimated Fees: | -0.00 ZAR |
| Other Estimated Taxes: | -0.00 ZAR |
| Estimated Total to Recipient: | 6004.88 ZAR |

Recipient may receive less due to fe[...]
[...]d by the recipient's b[...]

MoneyGram

CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

EME SERVICES

87500573000150800028409
Date: 10/6/13 Time: 11:23 AM

**Sender Information:**
DHANASAR SINGH
MoneyGram Rewards: 132206607724
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

**Recipient Information:**
BELLO SAHEED ADEWALE

Expected Destination: ZAF
10 Minute Service - ZAR

Reference # 38613731

Date Available in Receive Country:
10/6/13
*May be available sooner*

| | |
|---|---|
| Transfer Amount: | 895.00 USD |
| Transfer Fees: | 16.00 USD |
| Transfer Taxes: | 0.00 USD |
| Total: | 911.00 USD |
| Estimated Exchange Rate: | 9.7255 |
| Estimated Transfer Amount: | 8704.33 ZAR |
| Other Estimated Fees: | -0.00 ZAR |
| Other Estimated Taxes: | -0.00 ZAR |
| Estimated Total to Recipient: | 8704.33 ZAR |

EXHIBIT-D PAGE 2



CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

THE CHECK CASHING PLACE - #64

036693351902
Date: 10/8/13 Time: 8:23 PM

Sender Information:
DHANASAR SINGH
MoneyGram Rewards: 132206607724
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

Recipient Information:
ANTONIE HOONEN

Expected Destination: NLD
10 Minute Service - EUR

Reference #                    89954814

Date Available in Receive Country:
10/9/13
*May be available sooner*

Transfer Amount:              150.00 USD
Transfer Fees:                 17.00 USD
Transfer Taxes:                 0.00 USD
                            ─────────────
Total:                        167.00 USD

Exchange Rate:                   0.7071

Transfer Amount:              106.07 EUR
Other Fees:                    -0.00 EUR
Other Taxes:                   -0.00 EUR
                            ─────────────

Total to Recipient:           106.07 EUR



CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

THE CHECK CASHING PLACE - #64

036693351902
Date: 10/11/13 Time: 8:31 PM

Sender Information:
DHANASAR SINGH
MoneyGram Rewards: 132206607724
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

Recipient Information:
BELLO SAHEED ADEWALE

Expected Destination: ZAF
10 Minute Service - ZAR

Reference #                    54274185

Date Available in Receive Country:
10/12/13
*May be available sooner*

Transfer Amount:              895.00 USD
Transfer Fees:                 16.00 USD
Transfer Taxes:                 0.00 USD
                            ─────────────
Total:                        911.00 USD

Estimated Exchange Rate:         9.6044

Estimated
Transfer Amount:             8595.99 ZAR
Other Estimated Fees:          -0.00 ZAR
Other Estimated Taxes:         -0.00 ZAR
                            ─────────────
Estimated
Total to Recipient:          8595.99 ZAR

less due to

EXHIBIT- D          PAGE -(3)



## MoneyGram.

CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

THE CHECK CASHING PLACE - #60

016688047102
Date: 10/15/13 Time: 11:20 PM

Sender Information:
DHANASAR SINGH
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

Recipient Information:
BELLO SAHEED ADEWALE

Expected Destination: ZAF
10 Minute Service - ZAR

Reference #                     45983617

Date Available in Receive Country:
10/16/13
*May be available sooner*

Transfer Amount:            300.00 USD
Transfer Fees:                9.99 USD
Transfer Taxes:               0.00 USD

Total:                      309.99 USD

Estimated Exchange Rate:        9.5768

Estimated
Transfer Amount:          2873.04 ZAR
Other Estimated Fees:       -0.00 ZAR
Other Estimated Taxes:      -0.00 ZAR

Estimated
Total to ?



## MoneyGram.

CUSTOMER COPY

MoneyGram Payment Systems, Inc.
1550 Utica Ave S
Minneapolis, MN 55416
1(800)926-9400
www.moneygram.com

EME SERVICES

87500573000150B0028409
Date: 10/12/13 Time: 1:33 PM

Sender Information:
DHANASAR SINGH
11450 MALIWOOD
CLERMONT, FL 34711
Phone: 3475803030

Recipient Information:
BELLO SAHEED ADEWALE

Expected Destination: ZAF
10 Minute Service - ZAR

Reference #                    18560935

Date Available in Receive Country:
10/12/13
*May be available sooner*

Transfer Amount:            600.00 USD
Transfer Fees:               16.00 USD
Transfer Taxes:               0.00 USD

Total:                      616.00 USD

Estimated Exchange Rate:        9.6044

Estimated
Transfer Amount:          5762.67 ZAR
Other Estimated Fees:       -0.00 ZAR
Other Estimated Taxes:      -0.00 ZAR

Estimated
Total to Recipient:       5762.67 ZAR

*... may receive less due to*

EXHIBIT-D      PAGE - (4) 

CIVIL COURT OF THE CITY OF NEW YORK
SMALL CLAIMS PART
STATEMENT OF CLAIM

EXACT CHANGE ONLY

PLEASE PRINT CLEARLY

(FOR OFFICE USE ONLY)

INSTRUCTIONS:
Place only ONE letter or number in each space and leave a blank space between words.

## I. CLAIMANT'S INFORMATION

(You)

LAST NAME __ROBERT O__

FIRST NAME __MOTO__    MIDDLE INITIAL

ADDRESS
(NO P.O. BOX) __1065 MANOR AVE Apt 2D__
BOROUGH, CITY,
TOWN OR VILL. __BRONX NY__    STATE __10472__ ZIP

OTHER INFO
[Doing Business As] [In Care Of]
[Attention To] Circle One

PHONE NO. __646-630-3479__

## II. DEFENDANT'S INFORMATION*

(Their)

LAST NAME
(or Full Business Name) __BETHANY ENTERPRISES , INC__

FIRST NAME    MIDDLE INITIAL

ADDRESS
(NO P.O. BOX) __26-46 122nd ST , 1ST FL__
BOROUGH, CITY,
TOWN OR VILL. __RICHMOND HILL__    STATE [N]Y ZIP __NY 11698__

OTHER INFO
[Doing Business As] [In Care Of]
[Attention To] Circle One

PHONE NO. __718-945-8406__    CERTD #    COA CODE

## III. CLAIM

Amount Claimed: $ __6,500.00__ (Maximum $5,000)

Place of occurrence, if Auto Accident

Date of Occurrence or Transaction: __10/22/13__

## PRIMARY REASON FOR CLAIM (Check One):

Damage caused to:
☐ automobile    ☐ other personal property    ☐ real property    ☐ person
Failure to provide:
☐ proper repairs    ☐ proper services    ☐ proper merchandise    ☐ goods paid for
Failure to return:
☐ security    ☐ property    ☐ deposit    ☐ money loaned
Failure to pay:
☐ salary    ☐ for services rendered    ☐ insurance claim
☐ rent    ☐ commissions    ☐ for goods sold and delivered
Breach of:
☐ contract    ☐ lease    ☐ warranty    ☐ agreement
Loss of:
☐ luggage    ☐ property    ☐ wages from work    ☐ use of property
Returned:
☐ check (bounced)    ☐ check (stopped)
Other: (Be brief)

## IDENTIFYING NUMBER(S) - (Receipt #, Claim #, Account #, Policy #, Ticket #, License #, Plate #)(s)

__06/06/13__
Today's Date

X _____
Signature of Claimant or Agent

* DEFENDANT'S NAME: The legal name will be required in order to obtain an enforceable judgment. If the Defendant is a business, its full and correct business name should be obtained from the Office of the County Clerk in the county in which the business is located or from the following website: www.dos.state.ny.us
DEFENDANT'S ADDRESS: YOU must indicate the proper street address of the Defendant. A Post Office Box is not acceptable.

NOTE: If the Claim is a result of an automobile accident, the Claim must be OWNER against OWNER.

CIV-SC-50 (Revised 7/09)

(FOR OFFICE USE ONLY)

NO FEE
☐ DEFENDANT v. THIRD PARTY
☐ CLAIMANT v. ADD'L DEFENDANT
POSTAGE ONLY
☐ WAGE CLAIM TO $300

STANDARD FEE
$ _____
☐ CLAIMANT V. DEFENDANT

CLAIM AMT.

FEE

LANGUAGE
DATE DATA ENTERED
DATE NOTICES MAILED

CASE TYPE:
MULTI DFT ☐    CTR/CLM ☐
3 PARTY ☐    CRS/CMPLT ☐

FIRST DATE

DAY COURT?  ☐ STATUTORY    ☐ OTHER

EXHIBIT-E

This is a automatic mail generation system , hence do not reply to the mail
Please do write to us at branch Email_id ---

BANK OF INDIA
Back Office Operations
BANK OF INDIA BLDG  PLOT  11
SECTOR 11  CBD BELAPUR
NAVI MUMBAI , MAHARASHTRA -400614
------------------------------------------------------------------------
Date : 20-10-2011

To,

VELAPPAN VERASWAMY

VILLAGE HOSPITAL CAMPUS

VETTAMANGALAM  AND PO KARUR 639017

KARUR - 639017

INDIA
------------------------------------------------------------------------
FOREIGN OUTWARD REMITTANCE ADVICE
------------------------------------------------------------------------
Remittance Reference No.  8264ORTT1100037

Transaction Id :  BI555093          Transaction Date : 19-10-2011

Nostro Value Date : 19-10-2011

Beneficiary Bank : ,

Beneficiary Name :021407912 7040284928

Purpose :  REMITTANCE TOWARDS BUSINESS TRAVEL

Remit Instrument :               Remit Instr No :

Notional Rate :40.0000

We have carried out the transaction through account of
VELAPPAN VERASWAMY          With Account Number  826413110000009

Currency Conversion Details are as below :
------------------------------------------------------------------------
From Currency  / Amount    Rate    To Currency / Amount
------------------------------------------------------------------------
Sale :    USD 100000.00          49.4000    INR 4940000.00
------------------------------------------------------------------------

Transaction Details are as below :
------------------------------------------------------------------------
Account   Account         Account        Transaction    Cr/

EXHIBIT- F





VELAPPAN VERASWAMY

85-45  115 STREET

RICHMOND HILL  NEW YORK 11418

NEW YORK

NEW YORK          11418

Customer ID: 107548393

Home Branch: KARUR SME

IFSC Code: BKID0008264

Customer e-mail: ashandas@yahoo.com

## Summary Of Account as on:30 Jun 2011

*Indian Rupees*

**Deposit Accounts:**

| Account Type | Account Number | Balance | Currency |
|---|---|---|---|
| SAVINGS BANK | 826413110000009 | 61,992,985.00 | INR |
| TERM DEPOSIT | 820045410000056 | 20,000.00 | USD |
| TERM DEPOSIT | 820045410000057 | 20,000.00 | USD |
| TERM DEPOSIT | 820045410000059 | 22,990.00 | USD |

Exchange Rate
as of the day of this statement
One US dollars = 47 Indian Rupee.

61,992,985.00 Rupees = 1,318,996.60 US $

Plus    US $62,990.00

Contents of this statement will be treated correct if no error is reported within 30 days of receipt of this statement.Bank of India registered office: Head Office,Star House, C-5, G-Block, 2nd Floor,Bandra-Kurla complex,Bandra(East),Mumbai-400051.Website: www.bankofindia.com Tel No. (022)- 40919191.

EXHIBIT - G.

# 1114 Ward Avenue, Bronx, N.Y. 10472 Statement.-- Feb -- 2012

| NO | RMS | NAME OF TENANT | LEASE DATES | SEC.DEP | L.RENT | P.RENT | PAID | DATE | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1A | 2 | VACANT | 07/15/09-07/14/11 | 1100.00 | 1100.00 | 1100.00 | | | |
| 1B | 2 | EUDOSIA EMETERIO | 10/15/11-10/14/13 | 900.00 | 1267.00 | 900.00 | | | |
| 1C | 2 | MICHAEL SANCHEZ | 01/10/12-12/31/13 | 309.48 | 797.86 | 797.86 | | | |
| 1D | 2 | JOHN HICKS,. HASA | 10/15/11-10/14/12 | 1100.00 | 1141.25 | 1141.25 | | | |
| 1E | 5 | ALICEA, GLADYS/ LYDIA.P | 05/01/10-04/30/12 | 0.00 | 797.20 | 797.20 | | | |
| 2A | 3 | VACANT | | 0.00 | 998.72 | 1100.00 | | | |
| 2B | 3 | LUIS CRUZ | 07/01/11-06/30/12 | 1150.00 | 2053.00 | 1200.00 | | | |
| 2C | 4 | MADRID RAMIRO | 12/20/10-12/19/12 | 1300.00 | 1964.57 | 1452.82 | | | |
| 2D | 4 | GARCIA, MARIA ESTELA | 05/01/11-04/30/13 | 917.08 | 1046.79 | 1044.79 | | | |
| 2E | 3 | MANUAL MOGRA CASTRO | 05/01/11-04/30/13 | 970.00 | 999.10 | 1000.00 | | | |
| 2F | 3 | FREDDIE DOMINGUEZ | 04/01/11/03/2013 | 1100.00 | 1100.00 | 1000.00 | | | |
| 2G | 4 | TAPIA, REBECA & MENDEZ | 04/01/11-03/30/12 | 537.87 | 1088.98 | 1088.98 | | | |
| 2H | 4 | PLACIDO HERNANDEZ | 10/25/11-10/24/12 | 1400.00 | 2005.55 | 1472.49 | | | |
| 2I | 3 | JAYADEWA, LAL | 06/01/11-05/31/13 | 684.34 | 855.81 | 855.81 | | | |
| 2J | 3 | MONIQUE JACKSON, HASA | 11/01/11-10/30/12 | 1100.00 | 1733.00 | 1162.10 | | | |
| 2K | 3 | VACANT | | 0.00 | 1135.79 | 1135.79 | | | |
| 2L | 2 | VACANT | | 0.00 | 1200.00 | 1200.00 | | | |
| 2M | 2 | VEGA, JUAN | 01/01/12-12/30/12 | 273.86 | 630.77 | 630.77 | | | |
| 3A | 3 | EVELYN ORTIZ | 08/01/11-07/31/12 | 900.00 | 1162.33 | 1162.33 | | | |
| 3B | 3 | CARLOS VERDIN | 08/01/11-07/31/12 | 1225.00 | 1100.00 | 1100.00 | | | |

1 OF 4

EXHIBIT -J          PAGE ①

| Unit | No. | Name | Dates | | | |
|---|---|---|---|---|---|---|
| 3C | 4 | JOSE CAGUANA | 04/01/11-03/31/12 | 1300.00 | 1656.00 | 1431.50 |
| 3D | 4 | MARIA M. GERMAN | 08/25/11-08/24/12 | 1400.00 | 2014.00 | 1400.00 |
| 3E | 3 | IVELISSE SOTERO | 07/19/11-07/19/12 | 900.00 | 1378.53 | 998.47 |
| 3F | 3 | COLLIS M. TAYLOR | 04/01/11-03/31/12 | 825.00 | 1478.95 | 1000.00 |
| 3G | 4 | M. DOMINGUEZ/ L.GEORGE/ | 07/01/11-06/30/12 | 478.57 | 1144.57 | 1144.57 |
| 3H | 4 | RODRIGUEZ, JOSE | 06/01/01-05/31/12 | 335.52 | 743.42 | 743.42 |
| 3I | 3 | VACCANT | | | 1030.75 | 1030.75 |
| 3J | 3 | RUBEN LOPEZ | 03/01/11-02/28/13 | 0.00 | 1327.80 | 1200.00 |
| 3K | 3 | KEVIN KEARNY. HASA | 08/01/11-07/30/12 | 1100.00 | 1363.00 | 1233.00 |
| 3L | 2 | BARILLA, MIGUEL | 06/01/11-05/31/13 | 604.24 | 765.98 | 765.98 |
| 3M | 2 | ARMANDO VELEZ, HASA | 10/01/11-09/30/12 | 1100.00 | 1501.03 | 1150.00 |
| 4A | 3 | IMAD HAMAD | 10/15/11-10/14/12 | 1000.00 | 1223.82 | 1050.00 |
| 4B | 3 | FLUERRANTIO CRUZ | 06/25/11-06/24/12 | 1100.00 | 1438.20 | 1200.00 |
| 4C | 4 | RUBEN PACHECO | 09/25/11-09/24/13 | 1400.00 | 1500.00 | 1400.00 |
| 4D | 4 | LUIS SANCHEZ | 01/01/12-12/31/12 | 446.44 | 989.84 | 989.84 |
| 4E | 3 | BALDOMERO MARTINEZ | 10/10/11-10/09/12 | 900 | 1500 | 996.93 |
| 4F | 3 | ANGELA MUNIZ | 09/01/11-08/31/12 | 1100 | 1303 | 1150.00 |
| 4G | 4 | ROSA VASQUEZ RAMIRO | 01/01/12-12/31/13 | 1200.00 | 1433.36 | 1433.36 |
| 4H | 4 | ANTINIO HERNANDEZ DIVAS | 11/01/11-10/30/12 | 1400.00 | 1450.50 | 1450.50 |
| 4I | 3 | VICTORIANO APOLINAR | 01/01/12-12/31/12 | 925.00 | 1544.84 | 1141.25 |
| 4J | 3 | PAGAN, ELBA | 06/01/11-05/31/13 | 269.06 | 670.60 | 670.60 |
| 4K | 3 | LUCY RAMOS | 06/01/10-05/30/12 | 287.33 | 594.23 | 594.23 |
| 4L | 2 | VACCANT | | 0.00 | 1200.00 | 1200.00 |

2 of 4

EXHIBIT - J -    PAGE (2)

| Unit | No. | Name | Dates | | | |
|------|-----|------|-------|------|------|------|
| 4M | 2 | VACCANT | | 0.00 | 980.30 | 1100.00 |
| 5A | 3 | BARRAGAN MAXIMUM | 04/01/11-03/30/12 | 700.00 | 1000.00 | 1000.00 |
| 5B | . | DELORS BRYENT, HASA | 12/01/11-11/30/12 | 1100.00 | 1480.06 | 1200.00 |
| 5C | 4 | WILSON CAJAMARCA | 03/15/10-03/14/12 | 1400.00 | 1728.00 | 1400.00 |
| 5D | 4 | ERNEST JOHNSON | 12/10/08-12/09/10 | 1200.00 | 1491.20 | 1358.50 |
| 5E | 3 | BENITO MONERO | 09/10/11-09/09/12 | 1100.00 | 1440.00 | 1050.00 |
| 5F | 3 | celia Arista | 07/01/11-06/30/13 | 1100.00 | 1253.80 | 1100.00 |
| 5G | 4 | JOSE MIGUEL | 12/20/11-12/09/12 | 1200.00 | 1379.09 | 1379.09 |
| 5H | 4 | ROJAS, MILDRED | 06/01/11-05/31/12 | 552.43 | 702.87 | 702.87 |
| 5I | 3 | VACCANT | | 0.00 | 1231.29 | 1231.29 |
| 5J | 3 | ISIDARO E. / MARIA M. GOTAY | 01/01/11-12/31/13 | 700.00 | 1066.94 | 1066.94 |
| 5K | 3 | VACCANT | | 0.00 | 1314.42 | 1100.00 |
| 5L | 2 | VACCANT | | 0.00 | 1208.25 | 1208.25 |
| 5M | 2 | CAROL NESBITT, HASA | 11/01/11-10/30/12 | 1100.00 | 1293.33 | 1141.25 |
| 6A | 3 | VACCANT | | 0.00 | 1086.29 | 1086.29 |
| 6B | 3 | SUSANE APONTE | 12/10/11-12/09/12 | 900.00 | 1378.16 | 1100.00 |
| 6C | 4 | MANUAL M.MOROCHO | 08/01/11-07/31/12 | 1300.00 | 1453.33 | 1453.33 |
| 6D | 4 | TAURINO FLORES | 08/01/11-07/31/13 | 1676.00 | 1400.00 | 1400.00 |
| 6E | 3 | VASQUEZ, GEORGINA | 02/01/12-01/30/14 | 520.84 | 711.71 | 711.71 |
| 6F | 3 | JOSE REYES | 12/01/10-11/30/12 | 1200.00 | 1575.00 | 1100.00 |

EXHIBIT-J     PAGE ③

| | | | | | | |
|---|---|---|---|---|---|---|
| 6G | 4 | OSCAR REYES MUNIZ | 10/05/11-10/04/13 | 1400.00 | 1500.00 | 1400.00 |
| 6H | 4 | DJEDI BADIAGA | 12/15/10-12/14/12 | 1200.00 | 1793.56 | 1384.62 |
| 6I | 3 | ANASTACIO ROJAS | 08/20/08-08/19/12 | 975.00 | 1716.98 | 1100.00 |
| 6J | 3 | VACCANT | | 0.00 | 1001.64 | 1001.64 |
| 6K | 3 | VACCANT | | 0.00 | 1510.00 | 1510.00 |
| 6L | 2 | TAMANGO TINSLEY & A.MILLS | 03/15/09-03/14/12 | 950.00 | 1000.00 | 1022.50 |
| 6M | 2 | MARIA BRIONES | 06/01/10-05/31/12 | 373.12 | 476.27 | 476.27 |
| BS | | JOSE HERNANDEZ | SUPER | 0.00 | 0.00 | 0.00 |
| | | Stores | TOTAL | | | |
| 1 | | SILVER DOLLAR LLC. | 04/01/10-03/12 | 5600.00 | 5844.00 | 5844.00 |
| 2 | | FOOD STORE | 06/01/11-05/30/12 | 0.00 | 2000.00 | 2000.00 |
| 3 | | MARELLA UNISEX | 06/01/11-05/30/12 | 950.00 | 1200.00 | 1200.00 |
| 5 | | | TOTAL | 60236.18 | 96646.63 | 86545.14 |

4 OF 4

EXHIBIT-J        PAGE (4)