UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:

    **Ashand Enterprises, Inc.**

       **Debtor,**

**Case No.  13-44999**

Chapter 11

------------------------------------------------------------x

## DEBTOR'S OPPOSITION TO APPLICATIONS OF KAREN VEERASWAMY TO (1) APPOINT THE UNITED STATES TRUSTEE TO SELL THE PROPERTY OF THE ESTATE; (2) TO APPOINT A PROPERTY MANGER/RECEIVER; (3) TO APPOINT AN INDEPENDENT REAL ESTATE BROKER; AND (4) TO INCLUDE DOMESTIC OBLIGATIONS PAYMENTS IN ANY STIPULATION REGARDING USE OF RENTAL INCOME

    Ashand Enterprises, Inc., the Debtor and Debtor-in-Possession of the captioned chapter 11 case (the "Debtor") by and through its undersigned counsel, makes the following declaration in opposition to non-party Karen Veeraswamy's November 22, 2013 letter requesting (1) a Court appointed independent property manager/receiver; (2) a court-appointed independent real estate broker; and (3) that the Court "include the Domestic Obligation Payments in any stipulations regarding the Debtor's use of rental income from the Debtor's real Property…." Ecf Dkt. No. 44; and also in opposition to Ms. Veeraswamy's November 26, 2013 motion to appoint the United States Trustee to sell the primary asset of the Debtor, the property located at 1114 Ward Avenue, Bronx, NY ("the Property"). ECF Dkt. No. 49.

    1.    Ms. Veeraswamy has no connection to the Debtor.  She is a spouse involved in a matrimonial dispute with the Debtor's principal, and as such, is without standing to raise any of the issues stated in either her November 22, 2013 letter or her November 26, 2013 motion.

2.     Ms. Veeraswamy's request to appoint a property manager and/or receiver is improper. As debtor-in-possession, the Debtor is entitled to manage day-to-day affairs of the Property. In doing so, and in the ordinary course of business, the Debtor has employed an independent property manager who has assumed management of the Property. Ms. Veeraswamy's personal opinion of the sole shareholder of the Debtor—who happens to be her husband against whom she is in the middle of a marital dispute in state court—does not constitute grounds to substitute the business judgment of the Debtor in selecting a property manager. Ms. Veeraswamy's request for the appointment of a receiver is improper in the context of a chapter 11 proceeding.

3.     Ms. Veeraswamy's request to appoint a real estate agent to sell the Property is likewise improper. The appointment of a real estate broker of the Debtor is accomplished by application to this Court. An application has been filed to employ an agent to sell the Property, though Ms. Veeraswamy has objected to same. In any event , Ms. Veeraswamy, as a spouse of the principal of the Debtor, has no standing to make demands or objections to professionals employed by the Debtor upon proper application to this Court.

4.     Ms. Veeraswamy's confusing request to include any alleged domestic obligation of the Debtor's principal in stipulations regarding the Debtor's use of rental income is also improper. The referenced state court marital action pertains to a marital dispute between Ms. Veeraswamy and the Debtor's principal, Velappan Veeraswamy. The dispute does not pertain to the Debtor, which is not a party to that state court action. Ms. Veeraswamy is not a creditor of the estate and cannot state a viable objection to the Debtor's use of rental income from the Property.

5.     Ms. Veeraswamy's request to appoint the United States Trustee is without merit and seeks relief that is not warranted by the United State Bankruptcy Code. As the United States

Trustee's Objection to Ms. Veeraswamy's motion correctly points out, "the relief the motion seeks – directing the United States Trustee the sell the Building – is not the remedy contemplated by the [United States Bankruptcy] Code to address Ms. Veeraswamy's allegations." U.S. Trustee's Objection, ECF Dkt. No. 57, p. 4.

6. Further, Ms. Veeraswamy has not cited valid grounds for the appointment of a chapter 11 trustee to assume control of the Property or for conversion of the chapter 11 case. Rather, Ms. Veeraswamy's application states conclusory allegations about the character of the Debtor's principal and irrelevant statements pertaining to Ms. Veeraswamy's ongoing marital dispute with the Debtor's principal that have no bearing on the chapter 11 Debtor or the case at-large.

7. Further, as was previously stated, Ms. Veeraswamy is without standing to bring the instant application regarding appointment of the U.S. Trustee to sell the Property, as she is neither a creditor of the Debtor nor a party in interest.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order denying the relief sought by Ms. Veeraswamy in her November 22, 2013 letter and November 26, 2013 motion, entirely; and for such other relief that this Court deems just and proper.

Dated: Harrison, NY  
      December 10, 2013

BRONSON LAW OFFICES, P.C.

By: /s/ Carl J. Nelson  
Carl J. Nelson, Esq.  
480 Mamaroneck Avenue  
Harrison, NY 10528  
Ph: 877-385-7793  
Fax: 888-908-6906  
*Attorneys for Debtor and Debtor-in-Possession, Ashand Enterprises, Inc.*

To:

ECF Recipients

United States Trustee
nazar.khodorovsky@usdoj.gov

Counsel to CF SBC Pledgor 1 2012-1 Trust
JLubertazzi@mccarter.com

Karen Veeraswamy
6337 Forest Avenue
Apt. 1R
Ridgewood, NY 11386