UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK                                          Case No. 13-44999

------------------------------------------------------------x

In Re:

Ashand Enterprises, Inc.                                              Chapter 11

Debtor,

------------------------------------------------------------x


<u>REPLY AFFIRMATION OF KAREN VEERASWAMY TO DEBTOR'S OPPOSITION TO APPLICATIONS OF KAREN VEERASWAMY TO (1) APPOINT THE UNITED STATES TRUSTEE TO SELL THE PROPERTY OF THE ESTATE; (2) TO APPOINT A PROPERTY MANGER/RECEIVER; (3) TO APPOINT AN INDEPENDENT REAL ESTATE BROKER; AND (4) TO INCLUDE DOMESTIC OBLIGATIONS PAYMENTS IN ANY STIPULATION REGARDING USE OF RENTAL INCOME</u>


I, Karen Veeraswamy, the undersigned, hereby affirm the following:

1. Regarding "connection of Karen Veeraswamy to the Debtor".
   - Pursuant to NY DOM.LAW Section 236 Part B (c), Ashand Enterprises Inc., (the debtor) is a marital property of Karen Veeraswamy. Ashand Enterprises Inc., (the debtor) was incorporated on January 24, 2000 (Exhibit B) and the debtor's property was purchased in year 2005-06 (Exhibit C). Karen Veeraswamy and the debtor's principal Velappan Veeraswamy have been married since 1990.
   - Karen Veeraswamy is a signatory on the Debtor's Mortgage and Promissory notes. (Exhibit D 1, D2, D3)
   - In Veeraswamy vs. Veeraswamy, divorce proceedings, there is a compliance conference order from New York Supreme Court regarding the debtor, stating "that all proceeds of sale from the sale of 72 unit Bronx Apartment building (1114 Ward Ave) owned by Ashand Enterprises Inc., and presently the subject of a bankruptcy proceeding (Eastern District Case no: 13-44999) shall be held in escrow by John Napolitano". (Exhibit E1,E2). John Napolitano is the attorney for Karen Veeraswamy in divorce proceedings being held at New York Supreme Court.

For foregoing reasons, Karen Veeraswamy has the standing and rights to any issues related to the debtor, Ashand Enterprises Inc. in this Court.

2. Karen Veeraswamy's request for appointing a property manager/receiver is proper.
- Presently the Debtor/and debtor's "independent property manager" are not operating the business in a proper way that is conducive to the wellbeing of debtor Ashand Enterprises Inc. and to the best interest of Creditor. For examples, the debtor is not transparent in business operations and has still not yet filed the debtor's Business Operating Report for the month of October 2013. The debtor is unwilling to pay for its obligations or buy services that are necessary for operation and maintenance of business. As of last Court hearing the Debtor owed The United States Trustee, the fee, while at the same time the Debtor's Principal was using around $20,000 from DIP account for "maintenance" without the approval of lender. The debtor did not obtain the needed property insurance until forced by this Court to buy one. If CF SBC Pledger, the lender, did not diligently look and raise the issue about the insurance, the Debtor would be still operating the business without the needed insurance. The debtor has already admitted to this court about paying vendors with Cash and has not yet disclosed the details of vendors requiring Cash and their services rendered.
-

3. Karen Veeraswamy's request to appoint an independent real estate broker to sell the property is proper. Also Karen Veeraswamy objection to employment of "Itzhaki" or any other real estate broker by the Debtor is proper. The debtor has been talking about selling the property for almost one year. No real selling has materialized yet. In debtor's application to employ Besen & Associates to sell the property, the debtor stated in the filing (dtk 22) dated October 07, 2013, that debtor has selected Besen because of its "experience", "successful at attracting bonafide offers" "sell the property in expedient manner". Alas, in few weeks the debtor lost confidence in Besen without stating any reasons. Now debtor wants to employ "Itzhaki" to sell the property. Debtor is just not credible, debtor's words and actions do not match, and debtor's motivation to sell the property is questionable. See attached Exhibit A 1-7, an affidavit filed in Bronx Supreme Court, in foreclosure proceedings that states that "income generated by the (debtor's) real property in 2011 was approximately $1,040,000 or approximately $87,000 per month". Debtor's business generates profit, and for each month the debtor's Principal V.Veeraswamy delays the sale of the property, there is more time for the Principal V.Veeraswamy to mismanage rental income, and more damage done to the property's equity. With approximately $87,000 per month income and a mortgage payment of around $18,000 per month, the debtor owes an explanation for ending up filing bankruptcy and being in bankruptcy court.

4. Including Domestic Support Obligations in any stipulation of debtor's income is proper. The debtor's property is a marital property. And any income from the marital property is

marital income. No other persons or entity has proprietary interest in Ashand Enterprises Inc., except Velappan Veeraswamy and Karen Veeraswamy. Ashand Enterprises Inc. is an S-Corporation and all the proceeds are being taken by the only shareholder, Velappan Veeraswamy.

5. Karen Veeraswamy will request this court during hearing on December 18, 2013 for an appointment of a chapter 11 Trustee and Examiner or conversion of the case. Karen Veeraswamy will file a motion pursuant to 11 USC § 1104 to the appointment of a Trustee and Examiner, or file Petition to convert the case, if needed or necessary, for appointment of Trustee and Examiner or conversion.

6. Regarding "valid grounds" for appointment of Chapter 11 Trustee or conversion. The debtor continues to be not transparent ("dishonesty") about the business operation. There is evidence of "gross mismanagement" of rental cash income. And "incompetence" of current management clearly shows in the debtor's inability to even file a Business Operating Report on time.

7. As for the reasons previously stated, Karen Veeraswamy is a Creditor of the debtor and a party of interest and is within the standing to request this Court to appoint a Chapter 11 Trustee and Examiner or Convert to Chapter 7 or to request any other applications.

On this 11th day of December 2013

*Karen Veeraswamy*
KAREN VEERASWAMY
(PRO SE,)
6337 FOREST AVE, APT # 1R
RIDGEWOOD, NY, 11386
TEL: (917)717-2396
ammasami@gmail.com

CC:

Bruce Bronson
61-43 186 Street
Fresh Meadows, NY 11365

McCarter and English LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102

United States Trustee,
Eastern District New York (Brooklyn Office)
US Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this Reply to opposition was served to the parties mentioned below on the 11 day of December 2013.

Bruce Bronson
61-43 186 Street
Fresh Meadows, NY 11365

McCarter and English LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102

United States Trustee,
Eastern District New York (Brooklyn Office)
US Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

*Karen Veeraswamy*
KAREN VEERASWAMY
(PRO SE,)
6337 FOREST AVE, APT # 1R
RIDGEWOOD, NY, 11386
TEL: (917)717-2396
ammasami@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
CF SBC PLEDGOR 1 2012-1 TRUST,

                       Plaintiff,

      -against-

ASHAND ENTERPRISES, INC., APPROVED OIL CO.
OF BROOKLYN, INC., d/b/a APPROVED OIL and/or
APPROVED OIL CO., CASTLE OIL CORPORATION,
HERCULES WELDING & BOILER WORKS, INC.,
THE NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, THE DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT
OF THE CITY OF NEW YORK, THE
ENVIRONMENTAL CONTROL BOARD OF THE
CITY OF NEW YORK, and THE FINANCE
ADMINISTRATION BUREAU OF COMPLIANCE
AND COLLECTION OF THE CITY OF NEW YORK,

                       Defendants.
-----------------------------------------------------------------X

Index No. 21570/2013E

SUPPLEMENTAL AFFIDAVIT OF
JAMES R. DEANGELO IN
SUPPORT OF THE
APPLICATION OF PLAINTIFF
FOR AN EX PARTE ORDER
APPOINTING A RENT
RECEIVER PURSUANT TO
RPL § 254(10) AND RPAPL § 1325

STATE OF MASSACHUSETTS:
                    : ss.
COUNTY OF NORFOLK   :

      JAMES R. DEANGELO, of full age, being duly sworn according to law, upon his oath, deposes and says:

      1.    I am a Vice President of CWCapital Asset Management LLC ("CWCAM"), the servicer for Plaintiff. From my review of Plaintiff's files and my personal involvement in this matter, I am fully familiar with the facts set forth herein and am authorized to make this Supplemental Affidavit in support of the application of Plaintiff for an Ex Parte Order appointing a rent receiver in a mortgage foreclosure action pursuant to RPL § 254(10) and RPAPL § 1325.

      2.    The subject real property is located at 1114-1116 Ward Avenue, Bronx, New York (the "Real Property").

ME1 15671785v.1

Exhibit A-1

3.  Attached hereto as Exhibit A is a copy of the income and expense statement of Defendant Ashand Enterprises, Inc. (the "Borrower"), for the year 2011 and a rent roll for the Real Property as of February, 2012, respectively, from which tenant names and lease dates have been redacted, but which are true and correct copies in all other respects. The foregoing documents were provided by the Borrower to CWCAM on or about February 22, 2012.

4.  The attached reflects that the income generated by the Real Property in 2011 was approximately $1,040,000, or approximately $87,000 per month.

*/s/ James R. DeAngelo*
JAMES R. DEANGELO

Sworn to and subscribed to before me this 16th day of May, 2013

*/s/ Lisa Williams*
Notary Public

LISA M. WILLIAMS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 13, 2020

EXHIBIT A-2

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

STATE OF MASSACHUSETTS :
                       : ss.
COUNTY OF NORFOLK      :

On the 16th day of May in the year 2013 before me, the undersigned, personally appeared James R. DeAngelo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

LISA M. WILLIAMS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 13, 2020

3

MEI 15671785v.1

EXHIBIT A-3

# EXHIBIT A

EXHIBIT A-4

**V.VEERASWAMY REALTY**
HOUSES, APARTMENTS, MORTGAGES & APPRAISALS
86-48 122nd STREET, RICHMOND HILL, NY-11418.
Phone 718-849-8488   Fax: 718-849-8487

12/30/11

LOCATION: 1114 Ward Ave ,BRONX,NY

DESCRIPTION: 6 story Elevator,BUILDING

LAYOUT: 212 Rooms. Plus super 5 room apartment, and 3 stores.Apts.70

INCOME: PER YEAR .................................................................. $ 1,040,000.00

| EXPENSES: | | |
|---|---|---|
| | TAXES | $ 96,000.00 |
| | WATER/SEWER | $ 54,000.00 |
| | INSURANCE | $ 30,000.00 |
| | HELP | $ 22,000.00 |
| | FUEL | $ 64,000.00 |
| | ELECTRIC | $ 13,000.00 |
| | REPAIRS&VACANCIES | $ 40,000.00 |
| | MISCELLANOUS FEE | $ 7,000.00 |
| | MGNT FEE | $32,000.00 |

TOTAL EXPENSES ..................................................................$   358,000.00

NET PROFIT ..........................................................................$   682,000.00

EXHIBIT A-5

## 1114 Ward Avenue, Bronx, N.Y. 10472
## RENT ROLL, FEBUARY 2012

| NO | RMS | NAME OF TENANT | LEASE DATES | SEC.DEP | L.RENT | P.RENT |
|---|---|---|---|---|---|---|
| 1A | 2 | Redacted | | 1100.00 | 1100.00 | 1100.00 |
| 1B | 2 | | | 900.00 | 1267.00 | 900.00 |
| 1C | 2 | | | 309.48 | 797.86 | 797.86 |
| 1D | 2 | | | 1100.00 | 1141.25 | 1141.25 |
| 1E | 5 | | | 0.00 | 797.20 | 797.20 |
| | | | | | | |
| 2A | 3 | | | 0.00 | 998.72 | 1100.00 |
| 2B | 3 | | | 1150.00 | 2053.00 | 1200.00 |
| 2C | 4 | | | 1300.00 | 1964.57 | 1452.82 |
| 2D | 4 | | | 917.08 | 1046.79 | 1044.79 |
| 2E | 3 | | | 970.00 | 999.10 | 1000.00 |
| 2F | 3 | | | 1100.00 | 1100.00 | 1000.00 |
| 2G | 4 | | | 537.87 | 1088.98 | 1088.98 |
| 2H | 4 | | | 1400.00 | 2005.55 | 1472.49 |
| 2I | 3 | | | 684.34 | 855.81 | 855.81 |
| 2J | 3 | | | 1100.00 | 1733.00 | 1162.10 |
| 2K | 3 | | | 0.00 | 1135.79 | 1135.79 |
| 2L | 2 | | | 0.00 | 1200.00 | 1200.00 |
| 2M | 2 | | | 273.86 | 630.77 | 630.77 |
| | | | | | | |
| 3A | 3 | | | 900.00 | 1162.33 | 1162.33 |
| 3B | 3 | | | 1225.00 | 1100.00 | 1100.00 |
| 3C | 4 | | | 1300.00 | 1656.00 | 1431.50 |
| 3D | 4 | | | 1400.00 | 2014.00 | 1400.00 |
| 3E | 3 | | | 900.00 | 1378.53 | 998.47 |
| 3F | 3 | | | 825.00 | 1478.95 | 1000.00 |
| 3G | 4 | | | 478.57 | 1144.57 | 1144.57 |
| 3H | 4 | | | 335.52 | 743.42 | 743.42 |
| 3I | 3 | | | | 1030.75 | 1030.75 |
| 3J | 3 | | | 0.00 | 1327.80 | 1200.00 |
| 3K | 3 | | | 1100.00 | 1363.00 | 1233.00 |
| 3L | 2 | | | 604.24 | 765.98 | 765.98 |
| 3M | 2 | | | 1100.00 | 1501.03 | 1150.00 |
| | | | | | | |
| 4A | 3 | | | 1000.00 | 1223.82 | 1050.00 |
| 4B | 3 | | | 1100.00 | 1438.20 | 1200.00 |
| 4C | 4 | | | 1400.00 | 1500.00 | 1400.00 |
| 4D | 4 | | | 446.44 | 989.84 | 989.84 |
| 4E | 3 | | | 900 | 1500 | 996.93 |
| 4F | 3 | | | 1100 | 1303 | 1150.00 |
| 4G | 4 | | | 1200.00 | 1433.36 | 1433.36 |
| 4H | 4 | | | 1400.00 | 1450.50 | 1450.50 |

EXHIBIT A-6

## 1114 Ward Avenue, Bronx, N.Y. 10472
## RENT ROLL, FEBUARY 2012

| Unit | # | (Redacted) | | | |
|------|---|---|---|---|---|
| 4I | 3 | | 925.00 | 1544.84 | 1141.25 |
| 4J | 3 | | 269.06 | 670.60 | 670.60 |
| 4K | 3 | | 287.33 | 594.23 | 594.23 |
| 4L | 2 | | 0.00 | 1200.00 | 1200.00 |
| 4M | 2 | | 0.00 | 980.30 | 1100.00 |
| | | | | | |
| 5A | 3 | | 700.00 | 1000.00 | 1000.00 |
| 5B | 3 | | 1100.00 | 1480.06 | 1200.00 |
| 5C | 4 | | 1400.00 | 1728.00 | 1400.00 |
| 5D | 4 | | 1200.00 | 1491.20 | 1358.50 |
| 5E | 3 | | 1100.00 | 1440.00 | 1050.00 |
| 5F | 3 | | 1100.00 | 1253.80 | 1100.00 |
| 5G | 4 | | 1200.00 | 1379.09 | 1379.09 |
| 5H | 4 | | 552.43 | 702.87 | 702.87 |
| 5I | 3 | | 0.00 | 1231.29 | 1231.29 |
| 5J | 3 | | 700.00 | 1066.94 | 1066.94 |
| 5K | 3 | | 0.00 | 1314.42 | 1100.00 |
| 5L | 2 | | 0.00 | 1208.25 | 1208.25 |
| 5M | 2 | | 1100.00 | 1293.33 | 1141.25 |
| | | | | | |
| 6A | 3 | | 0.00 | 1086.29 | 1086.29 |
| 6B | 3 | | 900.00 | 1378.16 | 1100.00 |
| 6C | 4 | | 1300.00 | 1453.33 | 1453.33 |
| 6D | 4 | | 1676.00 | 1400.00 | 1400.00 |
| 6E | 3 | | 520.84 | 711.71 | 711.71 |
| 6F | 3 | | 1200.00 | 1575.00 | 1100.00 |
| 6G | 4 | | 1400.00 | 1500.00 | 1400.00 |
| 6H | 4 | | 1200.00 | 1793.56 | 1384.62 |
| 6I | | | 975.00 | 1716.98 | 1100.00 |
| 6J | 3 | | 0.00 | 1001.64 | 1001.64 |
| 6K | 3 | | 0.00 | 1510.00 | 1510.00 |
| 6L | 2 | | 950.00 | 1000.00 | 1022.50 |
| 6M | 2 | | 373.12 | 476.27 | 476.27 |
| | | | | | |
| BS | | | 0.00 | 0.00 | 0.00 |
| | | | | | |
| 1,2,3 | | | 5600.00 | 5844.00 | 5844.00 |
| 4 | | | 2000.00 | 2000.00 | 2000.00 |
| 5 | | | 950.00 | 1200.00 | 1200.00 |
| | | TOTAL | 62236.18 | 96646.63 | 86545.14 |

EXHIBIT- A -#

# NYS Department of State

## Division of Corporations

**Entity Information**

The information contained in this database is current through December 9, 2013.

        Selected Entity Name: ASHAND ENTERPRISES, INC.
        Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | ASHAND ENTERPRISES, INC. |
| **DOS ID #:** | 2464704 |
| **Initial DOS Filing Date:** | JANUARY 24, 2000 |
| **County:** | QUEENS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

        Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
ASHAND ENTERPRISES, INC.
84-48 122 STREET
FIRST FLOOR
RICHMOND HILL, NEW YORK, 11418

        **Registered Agent**
VELAPPAN VEERASWAMY
86-48 122 STREET
RICHMOND HILL, NEW YORK, 11418

EXHIBIT - B

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>2006032200317002001E7A1A |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE**      PAGE 1 OF 27

**Document ID:** 2006032200317002    Document Date: 12-13-2005    Preparation Date: 03-22-2006
**Document Type:** MORTGAGE
Document Page Count: 26

| PRESENTER: | RETURN TO: |
|---|---|
| EAM LAND SERVICES, INC.<br>6901 JERICHO TURNPIKE<br>SYOSSET, NY 11791<br>516-677-9757 | WASHINGTON MUTUAL BANK<br>PO BOX 9011<br>COPPELL, TX 75019-9011 |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 3742 | 5 | Entire Lot | | 1114 WARD AVENUE |

**Property Type:** APARTMENT BUILDING

### CROSS REFERENCE DATA

**CRFN:** 2005000705973

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| ASHAND ENTERPRISES, INC<br>85-45 115 STREET<br>RICHMOND HILLS, NY 11418 | WASHINGTON MUTUAL BANK<br>NAT'L COMM'L OPER CTR, ATTN: LOAN SERV, PO BOX 9178, ATTN: PORTFOLIO ADMIN<br>COPPELL, TX 75019-9178 |

### FEES AND TAXES

| Mortgage | | | Recording Fee: | $ | 167.00 |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 3,116,546.47 | Affidavit Fee: $ | | 8.00 |
| Taxable Mortgage Amount: | $ | 3,116,546.47 | NYC Real Property Transfer Tax Filing Fee: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed     04-06-2006 10:29
City Register File No.(CRFN):
    **2006000190404**

*City Register Official Signature*

EXHIBIT - C

## TAX LAW AFFIDAVIT
### Section 255 Affidavit – Amended and Restated Mortgage

STATE OF NEW YORK       )
                        ) ss.
COUNTY OF _New York_    )

VELAPPAN VEERASWAMY and KAREN VEERASWAMY, both being duly sworn, depose and say that said persons are **President** and **Secretary**, respectively, of **ASHAND ENTERPRISES, INC.**, a New York corporation ("Mortgagor") referred to herein;

THAT **WASHINGTON MUTUAL BANK, a federal association** ("Lender"), is the owner and holder of the mortgage or mortgages described in Schedule 1 attached to this Affidavit (collectively, the "Prior Mortgage") in connection with which Prior Mortgage recording tax was paid in the amount of ▓▓▓▓▓▓▓;

THAT the Prior Mortgage has been amended and restated pursuant to an amended and restated mortgage, security agreement, assignment of leases and rents, and fixture filing dated the date hereof between Mortgagor and Lender securing the reduced principal amount of **THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($3,750,000.00)**, to be recorded herewith (the Prior Mortgage, as amended and restated, is referred to as the "Amended Mortgage");

THAT the Amended Mortgage, as offered for recording, does not create or secure any further indebtedness or obligation for taxation pursuant to Section 577(2) of Article XI of the Private Housing Finance Law;

THAT there have been no reloans or readvances under the Amended Mortgage;

WHEREFORE, your deponent respectfully requests that the Amended Mortgage tendered herewith for recording be declared exempt from taxation under Section 255 of Article XI of the Tax Law of the State of New York.

_____
VELAPPAN VEERASWAMY

_____
KAREN VEERASWAMY

SWORN TO before me on the _13_ day of _December_, 2005.

_____
Notary Public

JOHN J. MAHER
Notary Public, State Of New York
No. 01MA 584490
Qualified In Suffolk County
Commission Expires December 9, 2006

Prepared by RoboDocs®
Section 255 Tax Law Affidavit Amended and Restated Mortgage
Loan No. 625369431
[New York – LoanTRAC – WMB]

EXHIBIT – D1

SE 228236 v5

7.  **Tax and Insurance Impounds**. To the extent that Borrower makes payments of impounds or reserves for property taxes or insurance premiums under the Senior Instrument, Borrower shall not be required to make duplicative payments of Impounds under this Security Instrument.

8.  **No Further Subordination**. Although this Security Instrument is subordinate to the Senior Instrument, Lender shall have no obligation whatsoever to subordinate the lien of this Security Instrument to any other lien or loan, whether or not it is a refinancing of the loan evidenced by the Senior Note.

9.  **Separate Agreements Between Lenders**. Borrower acknowledges that Lender has entered into (and/or may hereafter enter into) certain subordination and intercreditor agreements with Senior Lender and that Borrower is not a party to such agreements. Such agreements provide, among other things, that under certain circumstances while a default exists under the Senior Instrument, Lender may be required to pay payments made by Borrower on the loan secured by this Security Instrument over to Senior Lender for application to the amounts secured by the Senior Instrument. Borrower consents thereto and waives any claim that such payments should be applied to the obligations secured by this Security Instrument if they have been so paid over to Senior Lender. Borrower acknowledges and agrees that any such payments so paid over to Senior Lender will not be credited against the obligations secured by this Security Instrument.

10. **No Merger.**

    (a)  It is the intent of Borrower and Lender that if Lender obtains title to the Property (by virtue of a foreclosure sale, a deed in lieu of foreclosure or otherwise) and Lender is also or subsequently becomes the holder of the Senior Note and Senior Instrument, Lender's title interest and lien interest shall not automatically merge so as to effect an extinguishment of the Senior Instrument, or of the debt secured by the Senior Security Instrument, whether by operation of the doctrine of merger or otherwise.

    (b)  It is the intent of Borrower and Lender that if Senior Lender obtains title to the Property (by virtue of a foreclosure sale, a deed in lieu of foreclosure or otherwise) and Senior Lender is also or subsequently becomes the holder of the Note and this Security Instrument, Senior Lender's title interest and lien interest shall not automatically merge so as to effect an extinguishment of this Security Instrument, or of the debt secured by this Security Instrument, whether by operation of the doctrine of merger or otherwise.

    (c)  Borrower acknowledges and agrees that no course of conduct by Borrower, Lender or Senior Lender subsequent to the date of this Security Instrument shall be used to demonstrate any intent contrary to the express intent stated in this Section.

11. **Third Party Beneficiary**. Borrower agrees that Senior Lender is a third party beneficiary of the provisions of Sections 1, 2 and 10 of this Addendum and that no amendments of such Sections will be effective without the prior written agreement of Senior Lender.

DATED as of the date of the Security Instrument to which this Addendum is attached.

**ASHAND ENTERPRISES, INC.,**
**a New York corporation**

By: _____
    VELAPPAN VEERASWAMY, President

By: _____
    KAREN VEERASWAMY, Secretary

EXHIBIT - D 2

19. **WAIVER OF JURY TRIAL.** EACH OF BORROWER AND LENDER (FOR ITSELF AND ITS SUCCESSORS, ASSIGNS AND PARTICIPANTS) WAIVES ITS RIGHT TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON, ARISING OUT OF OR RELATED TO THIS SECURITY INSTRUMENT, THE OTHER LOAN DOCUMENTS OR THE TRANSACTIONS PROVIDED FOR HEREIN OR THEREIN, IN ANY LEGAL ACTION OR PROCEEDING OF ANY TYPE BROUGHT BY ANY PARTY TO ANY OF THE FOREGOING AGAINST ANY OTHER SUCH PARTY, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT SITTING WITHOUT A JURY.

20. **TYPE OF PROPERTY.** Borrower represents and warrants to Lender that this Security Instrument does not cover real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having its own separate cooking facilities.

DATED as of the day and year first above written.

BORROWER:

ASHAND ENTERPRISES, INC., a New York corporation

By: _____
VELAPPAN VEERASWAMY, President

By: _____
KAREN VEERASWAMY, Secretary

Prepared by RoboDocs®
Amended and Restated Mortgage
[New York – LoanTRAC – WMB]

Page 17
SE 213419 v13

EXHIBIT – D3

| PC | / / |
|---|---|
| CC | / / |
| NI | / / |

## SUPREME COURT OF THE STATE OF NEW YORK
### QUEENS COUNTY: MM PART

Present: __Hon Anna Culley__
   Justice

__Karen VeeRAswamy__
   Plaintiff,

-against-

__Velappan Veeraswamy__
   Defendant.

Index No: __12256/11__

Date RJI Filed: _____

### Compliance Conference Order

**APPEARANCES**

| Attorney for Plaintiff: | Attorney for Defendant: | Law Guardian: |
|---|---|---|
| Name: John Appolitano | Name: Joseph Levin | Name: |
| Address: 94-09 101st Ave | Address: 86-16 Queens Blvd | Address: N/A |
| Ozone Park, NY 11416 | Elmhurst, NY | |
| Phone No: ___/___ | Phone No: 718 429-5702 | Phone No: ___ |

Plaintiff: ✓ present/ ___ not present    Defendant: ✓ present/ ___ not present

Upon the Preliminary Conference Order dated _____, and following a Compliance Conference held on __10/2/13__, and it appearing that discovery previously ordered herein has not been completed, or that additional discovery is warranted, it is hereby

**ORDERED** that Plaintiff shall produce __herself__ for an examination before trial on __10/31/13__ at __2__ a.m./p.m., and it is further

**ORDERED** that, on or before _____, Plaintiff shall produce the following documents and other material for examination: _____

_____

1

EXHIBIT E-1

_____
_____
_____, and it is further

**ORDERED** that Defendant shall produce  himself  for an examination before trial on 10/31/13 at 10 a.m./~~p.m.~~, and is further

**ORDERED** that, on or before 10/20/13, Defendant shall produce the following documents and other material for examination: as per discovery notice — parties to exchange updated net worth stmts; stmts of proposed disposition; child support worksheet on or before 10/31/13 _____, and it is further

**ORDERED** as follows: That all Net proceeds of sale from the sale of a 72 unit Bronx Apartment building (1114 Ward Ave) owned by Ashand Enterprises, Inc. and presently the subject of a bankruptcy proceeding (Eastern District Case no. 13-44999) shall be held in escrow by John Napolitano until further* Pretrial

~~Compliance~~ Conference is adjourned to: 11/7/13  Note of Issue shall be filed on or before: _____

Failure to comply with any provision of this order may result in the imposition of costs, or sanctions, or other action authorized by law.

_____    _____    _____
Attorney for Plaintiff        Attorney for Defendant      Law Guardian

                                                    **SO ORDERED:**

Dated: Queens, New York
       10/2, 2013                               _____
                                                    J.S.C.

* order of this court or written agreement of the parties

2

EXHIBIT- E2