UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re:

      Ashand Enterprises, Inc.

          Debtor,

Case No.  13-44999-CEC

Chapter 11

---------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S REAL PROPERTY PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE AND RULES 2002, 2004 AND 9006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; (B) APPROVING THE CONTRACT OF SALE IN CONNECTION THEREWITH; (C) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; AND (D) FOR OTHER RELIEF THIS COURT DEEMS PROPER**

TO:    THE HONORABLE CARLA E. CRAIG,
          CHIEF UNITED STATES BANKRUPTCY JUDGE

Ashand Enterprises, Inc., the debtor and debtor-in-possession herein (the "Debtor"),by its attorneys, Bronson Law Offices, P.C. submits this motion (the "Motion") seeking entry of an order pursuant to §363(b) and (f) of the Bankruptcy Code and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure (i) authorizing the sale of the Debtor's sole asset, the property located at 1114 Ward Avenue, Bronx, NY (the "Property") to Ellis Equities, LLC ("Purchaser") free and clear of any and all claims, liens, encumbrances and other interests; (ii) approving the contract for the sale of the Property; and (iii) authorizing distribution of sale proceeds.

In support of the relief sought, the Debtor respectfully represents:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §363(b) and (f).

## BACKGROUND

4. On August 14, 2013 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code.

5. The Debtor has remained in possession of its business and management of the Property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in this matter.

7. The Debtor owns, as its primary asset, the Property, which is an approximately 70-unit, income-generating apartment building.

8. The Debtor, in order to satisfy all of its debts in full is seeking to sell the Property. The Property has been actively marketed for sale and has received numerous offers to purchase the Property from various real estate brokers.

## RELIEF REQUESTED AND BASIS THEREFOR

### A. Justification For a Private Sale

9. The Debtor requests that the Property be sold through a private sale. The Debtor believes that conducting the sale through a private sale is in the best interest of the estate rather than conducting the sale through an auction.

10. While section 363 sales are often conducted under competitive bidding procedures, there is no requirement in section 363 of the Bankruptcy Code to do so. Bankruptcy Rule 6004(f) specifically contemplates private sales with the statement that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction".

11.	Private sales may be appropriate under section 363 in circumstances similar to the instant case. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion to conduct public or private sales of estate property."); *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship* (*In re Woodscape Ltd. P'ship*), 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect sales of estate property pursuant to section 363 of the Bankruptcy Code, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction").

12.	Accordingly, courts may approve private sales of assets where the standards for approval under section 363 of the Bankruptcy Code are satisfied. *See, e.g., In re Wellman, Inc.*, Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2009) (order approving the sales of one of the debtors' facilities' by private sale, not subject to higher and better offers). In the instant case, the private sale contemplated will easily generate sufficient revenue to pay all creditors in full satisfaction of their respective debts.

13.	The Debtor believes that as the Property was actively marketed for sale prior to the filing of the instant bankruptcy proceeding, and further because the Debtor received multiple offers to purchase the Property at a purchase price two million dollars in excess of all debt secured by the Property, the private sale is a sufficient method to maximize value to the estate. The Debtor does not believe an auction would generate higher or better offers or provide any other benefit to the Debtor's creditors. Moreover, additional and substantial costs associated with a competitive bidding process would not likely be sufficient to justify a sale auction.

14. It is submitted that the Debtor and the Purchaser are proceeding in good faith and at arms length. The Purchaser is not an insider of the Debtor and the transaction was negotiated in good faith and only entered into after negotiations between the parties' respective counsel.

15. The Debtor believes that the necessity of bringing this case to a close and satisfying its debt in a timely manner dictate that a private sale be approved. For the foregoing reasons, the private sale of the Property as requested herein should be approved.

**B. The Contract of Sale**

16. On or about December 5, 2013, the Debtor and Purchaser executed a contract for the sale of the Property, a copy of which is annexed hereto as **Exhibit A** (the "Contract of Sale").

17. Pursuant to the Contract of Sale, Purchaser shall acquire, and the Debtor shall convey to Purchaser all of the right, title and interest that Debtor possesses as of the closing in and to Property, free and clear of all liens and liabilities pursuant to Sections 363(b) and (f) of the Bankruptcy Code and Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure.

18. Except as expressly permitted or otherwise specifically provided for in the Contract of Sale, all persons and entities asserting liabilities of any kind against the Debtor or the Property prior to the Closing Date (as defined in the Contract of Sale), shall be forever barred from asserting such liabilities against Purchaser, their successors or assigns, their property, or the Property.

19. In consideration of the sale of the Property covered by the Contract of Sale, Purchaser will pay the Purchase Price of $7,600,000.00. Purchaser has paid a

deposit of $760,000.00, which is currently held in the IOLTA account of Kaiko Chan & Associates, P.C., the proposed special real estate counsel to Debtor. The balance, subject to any closing adjustments, will be paid by Purchaser via certified funds at closing

### C. Debtor's Sale Pursuant to Bankruptcy Code §363(b) and (f) is Appropriate

20. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that the Debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate". 11 U.S.C. §363(b)(1). As the Property constitutes the Debtor's ongoing business and is substantially all of the Debtor's assets, the proposed sale is out of the ordinary course of the Debtor's business.

21. Section 363 does not set forth an express standard for determining whether a sale of property under §363(b) should be approved. Courts have interpreted this section using an "articulated business judgment" standard. *See*, *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Ionosphere Clubs, Inc*., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

22. The Court of Appeals for the Second Circuit first enunciated this standard by stating: "The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such application." *Lionel*, 722 F.2d at 1070-71.

23. Section 363(b) does not require that the Court substitute its business judgment for that of the Debtor. Rather, the Court should ascertain whether a debtor has articulated a valid business justification for the proposed transaction. This is consistent with "the broad authority to operate the business of the Debtor . . .[which] indicates congressional intent to limit Court involvement in business decisions by a Trustee . . . [so that] a Court may not interfere with a reasonable business decision made in good faith by a Trustee". *In re Airlift Int'l, Inc*., 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

24. Other courts have approved sales of a debtor's assets under §363(b)(1) of the Bankruptcy Code when (i) the sale is supported by the sound business judgment of the debtor's management; (ii) interested parties are provided with adequate and reasonable notice; (iii) the sale price is fair and reasonable; and (iv) the purchaser has acted in good faith. *See*, *e.g., In re Betty Owens Schools, Inc.*, WL 188127 at *4 (S.D.N.Y. 1997).

25. The Debtor is not related in any way to the Purchaser and the sale will generate revenue sufficient to satisfy all creditors. The Debtor therefore submits that the proposed sale is in the best interests of its estate and creditors and should be approved by the Court.

**D. The Debtor Has Exercised Sound Business Judgment and The Sale Price is Fair and Reasonable**

26. The Debtor believes that the sale to the Purchaser represents a prudent and proper exercise of its business judgment and is supported by articulated business reasons because, absent such a sale the Debtor may continue to incur operating losses and it's creditors would otherwise not realize full satisfaction of their debts.

27. The sale to Purchaser contemplates a sale price that far exceeds the total amount of the Debtor's debt and will result in full satisfaction of all debts. The Debtor believes that the Contract of Sale represents substantial value to the Debtor's estate. Moreover, the Debtor's arm's length negotiations with the Purchaser though counsel, ensures that the ultimate price was fair and reasonable under the circumstances.

**E. Asset Sale Free and Clear of Encumbrances**

28. In addition to seeking approval of the sale of the Property outside of the ordinary course of business, the Debtor seeks approval to sell the Property free and clear

of any and all liens, claims or encumbrances in accordance with §363(f) of the Bankruptcy Code.

29. A debtor-in-possession may sell property, pursuant to §§363(b) and 363(f), free and clear of any interest in such property of an entity other than the estate if one of the following conditions are satisfied:

 (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

 (2) such entity consents;

 (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 (4) such interest is in bona fide dispute; or

 (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. §363(f).

It is submitted that both numbers one and three above apply to the instant proposed sale. Applicable non-bankruptcy law would permit the sale of the Property free and clear of liens because the sale generates sufficient revenue to satisfy all liens in full. In addition, the price that the property would be sold at under the proposed sale is greater than all the liens on the Property. Accordingly, the Debtor is entitled, pursuant to §§363(b) and 363(f) to sell the Property free and clear of all liens, claims and encumbrances.

**REQUEST FOR AUTHORIZATION TO PAY SALE PROCEEDS TO CERTAIN PRE-PETITION SECURED CREDITORS, ADMINISTRATIVE TAX CLAIMS, U.S. TRUSTEE FEES, LEGAL FEES, AND TRANSFER AND CLOSING COSTS**

30. The Debtor proposes to distribute the proceeds of the sale, in the total amount of $7,600,000.00 as follows:

    a. $4,267,602.52 to CF SBC Pledgor 1 2012-1 Trust (the "Secured Lender") (pursuant to Proof of Claim #2), or such other amount that is provided by Secured Lender as a valid and correct payoff quote[1];

    b. $26,712.67 to NYC Office of Administrative Trials and Hearings (pursuant to Proof of Claim #4) or such lower negotiated amount;

    c. Such other customary fees associated with the transfer and closing of the sale of the Property

    d. The Debtor's general bankruptcy counsel, pursuant to fee application to be filed with this Court and subject to notice and a hearing, shall be paid its fees out of the proceeds of the sale.

    e. The Debtor's special real estate counsel, pursuant to fee application to be filed with this Court and subject to notice and a hearing, shall be paid its fees out of the proceeds of the sale.

    f. The Debtor's real estate agent, pursuant to retention and fee applications to be filed with this Court and subject to notice and a hearing, shall be paid its commission out of the proceeds of the sale.

31. After the sale, the Debtor's remaining property will include cash in the Debtor's bank account at the time of the sale.

## NOTICE

32. Notice shall be provided by first class mail to (a) counsel for the Secured Lender; (b) all creditors; (c) all parties and taxing authorities which have filed notices of appearance; and (d) the Office of the United States Trustee. The Debtor respectfully

---

[1] Debtor's counsel has requested a payoff quote.

submits that such notice is good and sufficient under the circumstances, and satisfies the requirements of Bankruptcy Rules 2002, 6004, and 6006.

33. A proposed sale approval order is annexed hereto.

WHEREFORE, the Debtor seeks the entry of an order (i) pursuant to §§363(b) and (f) of the Bankruptcy Code and Bankruptcy Rule 6004 authorizing the Debtor to sell the Property as defined in the Contract of Sale free and clear of any and all claims, liens, encumbrances and other interests, (ii) authorizing the distribution of the sale proceeds as set forth in the Motion, and (iii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: Harrison, NY
      February 4, 2014                                 Bronson Law Offices, P.C.

                                                  By:    /s/ H. Bruce Bronson
                                                            H. Bruce Bronson, Esq.
                                                            480 Mamaroneck Avenue
                                                           Harrison, NY 10528
                                                           Ph: 877-385-7793
                                                           Fax: 888-908-6906