UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re:

        Ashand Enterprises, Inc.

              Debtor,

Case No.  13-44999-CEC

Chapter 11

---------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING SALE OF THE
DEBTOR'S PROPERTY LOCATED AT 1114 WARD AVENUE BRONX, NY
FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES AND GRANTING RELATED RELIEF**

UPON the motion dated February 4, 2014 (the "Motion"), of Ashand Enterprises, Inc., the above captioned debtor and debtor-in-possession in this Chapter 11 case (the "Debtor"), by its attorneys, Bronson Law Offices, P.C., for entry of an order; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Sale Motion and opportunity for objection having been given, and there being no objections to the relief requested in the Motion; and this matter having come before the Court on _____, 2014 (the "Sale Hearing"):

THE COURT HEREBY FINDS AND CONCLUDES:

        A.    The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including adequate justification for the sale of the Debtor's sole asset, the property located at 1114 Ward Avenue, Bronx, NY (the

"Property"). Sound business reasons exist to support the Debtor's business judgment to sell the Property by private sale as is authorized under Bankruptcy Rule 6004(f)(1).

  B. The Debtor's determination that the Contract of Sale (defined in the Sale Motion) constitutes the highest and best offer for the Property, constitutes a valid and sound exercise of the Debtor's business judgment.

  C. The Purchaser is purchasing the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) the Purchaser is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code; (ii) the negotiation and execution of the Contract of Sale was at arms length and done in good faith.

BASED UPON THE FOREGOING FINDINGS, IT IS HEREBY, ORDERED, THAT:

  1. The relief requested in the Motion is granted and approved.

  2. The Contract of Sale is hereby approved.

  3. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized, empowered and directed to (a) consummate the sale of the Property to the Purchaser pursuant to and in accordance with the terms and conditions of the Contract of Sale, (b) close the sale as contemplated in the Contract of Sale and in this Order, and (c) execute and deliver, perform under, consummate, implement and close fully the Contract of Sale, together with all additional instruments and documents that may be reasonably necessary to implement the Contract of Sale and the Sale.

4.        This Order shall be binding upon the Debtor, the estate, all creditors, all holders of equity interests in any Debtor, holders of any claims against any Debtor, holders of liens against or on any portion of the Property, the Purchaser (and successors and assigns of the Purchaser), and any subsequently appointed trustees in this chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the Contract of Sale shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser and their respective successors and assigns.

5.        Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer the Property to the Purchaser on the closing date. Effective upon the closing, the Property shall be owned by the Purchaser free and clear of all liens, claims, encumbrances or other interests.

6.        Except as expressly permitted or otherwise specifically provided by the Contract of Sale, or by this Order, all persons holding liens or interests in all or any portion of the Property arising under or out of, in connection with, or otherwise relating to the Debtor or the Property, prior to the closing date of the sale of the Property to the Purchaser, are hereby forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property or the Property.

7.        On the closing date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release liens or encumbrances on the Property, if any, as provided for herein, as such liens may have been recorded or may otherwise exist. Upon consummation of the transactions set forth in the Contract of Sale, the Purchaser shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or

financing statement recorded to attach, perfect or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

8. The Debtor is authorized and directed to distribute the proceeds from the closing of the sale of the Property as follows:

    a. $4,267,602.52 to CF SBC Pledgor 1 2012-1 Trust (the "Secured Lender") (pursuant to Proof of Claim #2), or such other amount that is provided by Secured Lender as a valid and correct payoff quote;

    b. $26,712.67 to NYC Office of Administrative Trials and Hearings (pursuant to Proof of Claim #4) or such lower negotiated amount;

    c. Such other customary fees necessary to effectuate the transfer and closing of the sale of the Property pursuant to the Contract of Sale;

    d. The Debtor's general bankruptcy counsel, pursuant to fee application to be filed with this Court and subject to notice and a hearing, shall be paid its fees out of the proceeds of the sale.

    e. The Debtor's special real estate counsel, pursuant to fee application to be filed with this Court and subject to notice and a hearing, shall be paid its fees out of the proceeds of the sale.

    f. The Debtor's real estate agent, pursuant to retention and fee applications to be filed with this Court and subject to notice and a hearing, shall be paid its commission out of the proceeds of the sale.

9. This Order shall be binding upon all persons, including filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract,to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract of Sale.

10. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective upon entry and the Debtor and the Purchaser are authorized to close the Sale upon entry of this Order.

11. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Chapter 11 Case, the terms of this Order shall govern.

12. To the extent that this Order is inconsistent with the Contract of Sale, the terms of this Order shall govern.

Dated: Brooklyn, NY
        , 2014    _____
                                HON. CARLA E. CRAIG
                                CHIEF U.S. BANKRUPTCY JUDGE