UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:                                          **Chapter 11**
                                JUDGE HONORABLE JIL MAZER-MARINO

ASHAND ENTERPRISES, INC              Case No.: 13-44999 (JMM)
                                         NOTICE OF MOTION
                                            TO REOPEN
                                       AND NOTICE OF MOTION
                                      TO ADMINISTER PROCEEDS

Debtor,
------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF CREDITOR AND SHAREHOLDER
KAREN VEERASWAMY TO REOPEN CASE AND TO ADMINISTER
PROCEEDS  FROM ASHAND ENTERPRISES,  INC.**

**PLEASE TAKE NOTICE** that, on **November 03 , 2021, at 10:00  a.m,** a hearing
will be held before Honorable Jil Mazer-Marino,United States Bankruptcy Judge,
at the United States Bankruptcy Court, EDNY, Conrad B. Duberstein Courthouse
271-C Cadman Plaza East, Courtroom 3529, Brooklyn, NY 11201-1800 on the
motion ("Motion")  of Karen Veeraswamy to reopen the case and seeking
administration of  proceeds of sale of real property of Ashand Enterprises, Inc.
**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion must
be in writing, conform with the Bankruptcy Code and Federal Rules of
Bankruptcy Procedure, state with particularity the grounds therefore and be filed
with the Court no later than October 22, 2021

On this 8th day of October , 2021          KAREN VEERASWAMY (PRO SE)

                                           Email: ammasami@gmail.com

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In Re:                                              Chapter 11
                              JUDGE HONORABLE JIL MAZER-MARINO

ASHAND ENTERPRISES, INC          Case No.: 13-44999 (JMM)

                                              MOTION TO REOPEN
                                                      AND
                                    MOTION TO ADMINISTER PROCEEDS
Debtor,

------------------------------------------------------------x

## MOTION OF CREDITOR AND SHAREHOLDER KAREN VEERASWAMY TO REOPEN CASE AND ADMINISTER PROCEEDS FROM ASHAND ENTERPRISES, INC.

KAREN VEERASWAMY, fifty percent shareholder of Ashand Enterprises, Inc.
moves this honorable court to reopen this case and administer proceeds of
sale of Ashand Enterprises, Inc.' property, currently being held under the
custody of Trustee of Chapter 7 Bankruptcy Estate ("Trustee") (Case No.:
18-42030 (JMM), Adv. Pro. No.:19-01018(JMM));

## BACKGROUND AND PROCEDURAL HISTORY

1. On or about February 14, 2013, a voluntary petition under Chapter 11 of
the Bankruptcy Code was filed on behalf of Ashand Enterprises, Inc
("Ashand") under case no. 13-44999-CEC

2. On November 22, 2013, Karen Veeraswamy the undersigned, filed a
Claim (Claim # 7-1),  attached hereto as EXHIBIT A,  for an amount
"Undetermined" and for Domestic Support Obligation as a priority claim.

3. On or about March 31, 2015, Ashand's Bankruptcy case was closed.

1

4. Presently, the Trustee of a Chapter 7 Bankruptcy Case 18-42030 (JMM), is holding the proceeds of the sale of real estate property of Ashand Enterprises Inc.

## FIRST CLAIM FOR RELIEF
### ( To Reopen Case )

5. This claim is pursuant to § 350(b), which provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b) (Emphasis added)

6. This claim is pursuant to § 350(b), which provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b) "While the Code does not define 'other cause', the decision to reopen or not is discretionary with the court, which may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations."  Critical Care Support Servs. v. United States (In re Critical Care Support Servs.), 236 B.R. 137, 140 (Bankr. E.D.N.Y. 1999) ( quoting Batstone v. Emmerling (In re Emmerling), 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997))(Emphasis added)

7. Other Forum: Karen Veeraswamy made efforts to have these issues resloved in Case No.: 18-42030 (JMM), Adv. Pro. No.:19-01018(JMM). Karen Veeraswamy initially filed a Motion for Disbursement of Equity in case 19-01018(JMM), which is being withdrawn, after Internal Revenue

Service(IRS) and Trustee raised issues of Judicial Estoppel in their Objections which can be properly and adequately addressed ONLY in the Ashand Enterprises Inc, bankruptcy case (13-44999)

8. <u>Settlement:</u> A "global" settlement, offered to Karen Veeraswamy in case 19-01018(JMM) is extreme in that it not only leaves global liabilities but also makes Karen Veeraswamy's Children to relinquish their rights.
( Children's signatures are needed to accept the settlement offer). It took almost 2 year for this settlement offer, and Karen Veeraswamy believes that a favorable and reasonable offer is not possible and that any futher efforts will only result in futher delay in proceedings.

9. <u>Discovery:</u> In Objection (document # 81, (19-01018(JMM)), Trustee admits that "Discovery in this action was not conducted while the parties explored a global settlement" and requests that "In the event the Court does not apply the principles of judicial estoppel, the Trustee should be afforded the opportunity to conduct discouvery as to, inter alia, whether the organizational structure of Ashand was modified sometime after January 31, 2000 when Ashand was formed".

 In few months, it will be 3 years since Velappan Veeraswamy, the Debtor in Chapter 7 (19-01018(JMM)) was deceased and it will be 3 years since the Trustee filed adversary proceeding (19-01018(JMM)), and almost 3 years since the filing of copies of corporate papers in the adversary proceeding. In almost 3 years Trustee must have done the discovery to find out "whether the organizational structure of Ashand was modified", since that is essential even for any settlement, as it will determine the outcome of the

3

settlement. Trustee failed to do so. "The duty to close the estate expeditiously is the trustee's "main duty," 4 Collier on Bankruptcy, supra, ¶ 704.01(3), at 704-5, and "overriding responsibility," Estes & Hoyt v. Crake (In re Riverside-Linden Inv. Co.), 925 F.2d 320, 324 (9th Cir.1991). In order to close an estate expeditiously, a bankruptcy trustee must expeditiously perform each task necessary to close the estate, In re Melenyzer, 140 B.R. 143, 155 (Bankr.W.D.Tex.1992)," Trustee, if makes any Objection to this motion, must inform the Court *if* and *how* the Trustee could discover "whether the organizational structure of Ashand was modified" and how expediously it could be done. This is essentially a futile endeavor. For an expeditious closure of Debtor's Estate  (18-42030 (JMM))  and also for expeditiously administering the equity of Ashand Enterprises, Inc  it is essential that Trustee admit that, in fact, Karen Veeraswamy is the fifty percent shareholder of Ashand Entreprises, Inc,

10. <u>Trustee's Other Discovery Responsibilities:</u>  In the application to Employ a law firm as counsel, on October 04, 2018 , the United States Trustee (18-42030 (JMM)) has written in doument # 66 that "allegations concerning the Debtor's (Velappan Veeraswamy) assets, liabilities and lack of candor with this Court were raised. Among other assets, the Debtor appears to own multiple real properties, including properties in New York and India" and that it is " necessary to employ counsel in this case to assist her in carrying out her fiduciary obligations". In three years since then, there has been no report of any discovery, or if any discovery was undertaken, or any change in list of schedules of properties. This needs to be addressed for

proper and complete closure of the Chapter 7 case. It is not known how many more years is needed to complete the discovery, and the undersigned has waited more than long enough, and hence this Motion to reopen case and disburse proceeds.

<u>SECOND CLAIM FOR RELIEF</u>
(To Administer Proceeds )

11. Karen Veeraswamy is the 50% Shareholder of Ashand Enterprises, Inc. Attached hereto in EXHIBIT B is Ashand corporate papers. ( These papers were accessible only after the death of Velappan Veeraswamy)

12."Velappan Veeraswamy is the sole shareholder" was a boilerplate statement made in numerous bankruptcy filing by various parties. That claim was made by Velappan Veeraswamy and he never provied any corporate proof of his sole shareholdership.

13. Karen Veeraswamy was consistently filing papers in Ashand Enterprises Inc, (13-44999-CEC) indicating that Velappan Veeraswamy was making statements contrary to facts. Trustee in that case and Counsel for Ashand Enterprises Inc. ( Law Office of Bruce Bronson) failed in their due diligence and to check or verify the business incorporation papers. ( Karen Veeraswamy filed the copies of Original Mortgage papers for real estate property, the proceeds of which needs to be disbursed now, of Ashand Enterprises Inc. that had the signatures of both Karen Veeraswamy and Velappan Veeraswamy) Karen Veeraswamy could not make a claim of Shareholder without access to evidence, and if that shareholder claim was made, Velappan Veeraswamy would have destroyed the evidence that was

in his custody.

14. After nearly 6 years since Karen Veeraswamy was indicating to Court that Velappan Veeraswamy was making statments in filing that are contrary to facts, on 08/02/2018 after an evidentary hearing this Bankruptcy Court found that Velappan Veeraswamy did in fact make fillings in bad faith and the Court converted the Chapter 13 to the current Chapter 7 proceeding. (18-42030 (JMM)) (EXHIBIT C)

15. In Compliance to Order from Supreme Court of the State of New York, Queens County,  on matrimonial action ( Index 12256/11), proceeds from the sale of real property of Ashand Enterprises, Inc., was deposited in the escrow account of Attorney John Napolitano. The matrionial action (Index 12256/11) was abated and closed on 11/09/2020.

15.Fifty percent of proceeds of sale of real property of Ashand Enterprises, Inc.,  belonging to Karen Veeraswamy amounting to $950,000.00  is not a part of Chapter 7 Estate ( (19-01018(JMM)) , and is being held by Trustee with no legal basis including 541 of the United States Bankruptcy code.

16. . Shareholder's documents were pepared and Ashand Enterprises, Inc., was incorporated by law firm Spiegel & Utrera, PA.,P.C,.presently located at 1 Maiden Ln, New York, NY 10038. Tel: 212-962-1000, (800) 5761100, www.amerilawyer.com .

Karen Veeraswamy will be adversely affected and suffer prejudice if this case is not reopened and proceeds from this case not administered.

WHEREFORE for the foregoing reasons Karen Veeraswamy requests that this case be reopened and proceeds from sale of real property of Ashand

Enterprises, Inc.,  be administered.


On this 8th day of October , 2021         KAREN VEERASWAMY (PRO SE)

                                          Email: ammasami@gmail.com

7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In Re:                                       Chapter 11
                                   JUDGE HONORABLE JIL MAZER-

MARINO

ASHAND ENTERPRISES, INC          Case No.: 13-44999 (JMM)
Debtor,
-------------------------------------------------------------x

## CERTIFICATE OF SERVICE

On October 08, 2021 a copy of the Notice of Motion to Reopen and Notice of Motion to Administer Proceeds and copy of Motion to Reopen and Motion to Administer Proceeds was mailed by USPS regular mail to :

1. NYS Dept of Tax and Finance, Bankruptcy Section
P.O Box 5300, Albany NY 12205-0300
2.CF SBC Pledgor, C/O McCarter and English, LLP
245 Park Avenue, 27th floor, New York, NY 10167
3. NYS Dept of Labor, Unemployment Insurance Division
Harriman State  Building Campus, Buiding 12, Rm 256  Albany NY 12240
4. NYC Office of Admnistrative Trials and Hearings
66 John Street, 10 the floor, New York, NY 10038
5. Internal Revenue Service,
10 MetroTech Center, 625 Fulton Street, Brooklyn, NY 11201
6. NYC Dept of Finance, TP&P Division/Office of Tax Audits
345 Adams Street, 5 th floor, Brooklyn, NY 11201
7. NYC Dept of Finance,
345 Adams Street, 3 rd floor, Brooklyn, NY 11201
8. City of New York, Dept of Housing Preservation & Development
100 Gold Street, Rm 5-S, New York, NY 10038

On this 08th day of October , 2021      KAREN VEERASWAMY (PRO SE)
                                        Email: ammasami@gmail.com

1

# EXHIBIT A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  **Eastern**  DISTRICT OF **New York** | PROOF OF CLAIM |
|---|---|

| Name of Debtor: **ASHAND ENTERPRISES INC** | Case Number: **13-44999-cec** |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**KAREN VEERASWAMY**

Name and address where notices should be sent:
6337  FOREST AVE, APT # 1R
RIDGEWOOD, NY, 11385

Telephone number:          email:
917-717-2396          ammasami@gmail.com

Name and address where payment should be sent (if different from above):

Telephone number:          email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $ _undetermined_

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | 3a. Debtor may have scheduled account as:  (See instruction #3a) | 3b. Uniform Claim Identifier (optional):  (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate_____% ☐ Fixed  or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ _____

Basis for perfection: _____

Amount of Secured Claim: $ _____

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$ _____ 63,052.04

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)

2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  KAREN VEERASWAMY
Title:
Company:
Address and telephone number (if different from notice address above):

917-717-2396

Telephone number:                    email:

*(Signature)* Karen Veeraswamy        *(Date)* November 22, 2013

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# EXHIBIT  B

# OFFICIAL

# CORPORATE RECORDS

# OF

# ASHAND ENTERPRISES, INC.



SPIEGEL & UTRERA, P.A., P.C.

L A W Y E R S

Suite 711 • 45 John Street • New York, NY  10038
(212) 962-1000 • Fax (212) 964-5600

## MINUTES OF ORGANIZATION MEETING OF DIRECTORS OF

## ASHAND ENTERPRISES, INC.

The Organization Meeting of the Board of Directors was held at 87-10 Lefferts Boulevard, Second Floor, Richmond Hill, New York 11418 on the 31 January 2000 at 2:00 o'clock this pm.

The following were present:

Velappan Veeraswamy
Karen Veeraswamy

being a quorum and all of the Directors of the corporation.

Velappan Veeraswamy was nominated and elected temporary chairman and acted as such until relieved by the president. Karen Veeraswamy was nominated and elected temporary secretary, and acted as such until relieved by the permanent secretary.

The secretary, then presented and read to the meeting a copy of the Certificate of Incorporation of the corporation and reported that on the 24th day of January, 2000, the original thereof was duly filed by the office of the Department of State of the State of New York.

Upon motion duly made, seconded and carried, said report was adopted and the secretary was directed to append to these minutes a copy of the Certificate of Incorporation.

The Secretary presented and read the Minutes of the First Meeting of Incorporators of the Corporation.

Upon motion duly made, seconded and carried, said the Minutes of the First Meeting of Incorporators of the Corporation were in all respects ratified, confirmed and approved as adopted by the Incorporator(s) and the Secretary was directed to file these among the Corporation's records.

The following were duly nominated and, a vote having been taken, were unanimously elected officers of the corporation to serve for one year and until their successors are elected and qualified:

President: Velappan Veeraswamy

Vice-President:

Secretary: Karen Veeraswamy

Treasurer: Karen Veeraswamy

RESOLVED, that the president be and hereby is authorized to designate the principal office of the corporation in the State of New York as the office for service of process upon the corporation and designate such agent or agents for service of process as the president may deem advisable from time to time, and to file with the Department of State, immediately and thereafter as required, the appropriate certificates designating the office of and agent or agents for service of process on this corporation.

RESOLVED, that upon delivery to the corporation of said assets and the execution and delivery of such proper instruments as may be necessary to transfer and convey the same to the corporation, the officers of this corporation are authorized and directed to execute and deliver the certificate or certificates for such shares as are required to be issued and delivered to the consideration of:

NAME  ADDRESS            SHARES

Velappan Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418                 100 Shares

Karen Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418                 100 Shares

After fixing a record date for a meeting, the corporation shall prepare an alphabetical list of the names of all its shareholders who are entitled to notice of a shareholder meeting.

The Chairman presented to the meeting a form of Certificate required under Tax Law Section 275A to be filed in the Office of the Tax Commissioner.

Upon Motion duly made, seconded and carried, it was

RESOLVED that the proper officers of this corporation are hereby authorized and directed to execute and file such Certificate forthwith

RESOLVED that all of the acts taken and decisions made at the organization meeting be and are hereby ratified and it was

# STOCKHOLDER LIST

## OF

## ASHAND ENTERPRISES, INC.

The following is a list of all stockholders arranged by voting group:

NAME & ADDRESS & SHARES

Velappan Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418                    100 Shares

Karen Veeraswamy
87-10 Lefferts Boulevard, Second Floor
Richmond Hill, New York  11418                    100 Shares

On motion duly made, seconded and unanimously carried, the Secretary was directed to append the said By-laws at length in the minute book.

There being no further business before the meeting, the same was, on motion, duly adjourned.

Dated: 31 January 2000

Elsie Sanchez, Secretary

## ASSIGNMENT OF INCORPORATOR'S INTEREST

I hereby assign to:

Velappan Veeraswamy

Karen Veeraswamy

all my rights, title and interest as an incorporator of ASHAND ENTERPRISES, INC. a corporation organized under the laws of the State of New York.

EXECUTED this 31 January 2000

Elsie Sanchez, Incorporator

# MINUTES

# OF

# ASHAND ENTERPRISES, INC.

SPIEGEL & UTRERA, P.A., P.C.
L A W Y E R S
SUITE 711  45 JOHN STREET  NEW YORK, NY 10038  (212) 962-1000 (800) 576-1100 - FACSIMILE (212) 964-5600
http://www.amerilawyer.com

# WAIVER OF NOTICE OF

## THE FIRST MEETING OF INCORPORATORS

### OF

### ASHAND ENTERPRISES, INC.

    We, the undersigned, being all of the Incorporators named in the Certificate of Incorporation of, ASHAND ENTERPRISES, INC. , do hereby waive all notice of the first meeting of Incorporators of said corporation, and do hereby agree and consent that the 31 January 2000, at 1:00, o'clock this pm, be and the same hereby fixed as the time and the attorney's office of the corporation at Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, New York 10038, as the place for holding the same; and that such business may be transacted thereat as may lawfully come before said meeting.

Dated:  31 January 2000

                                      Elsie Sanchez, Incorporator

# MINUTES

## OF

## THE FIRST MEETING OF MINUTES OF INCORPORATORS

## OF

## ASHAND ENTERPRISES, INC.

held at Spiegel & Utrera, P.A., P.C., 45 John Street, Suite 711, New York, New York 10038 on the 31 January 2000, at 1:00 o'clock pm, Elsie Sanchez, the sole Incorporator listed in the Certificate of Incorporation of this corporation called the meeting to order.

The following, being all of the Incorporators to the Certificate of Incorporation were present in person:

NAME & ADDRESS

Elsie Sanchez
45 John Street, Suite 711
New York City, New York  10038

On motion duly made, seconded and carried, Elsie Sanchez was elected Chairman of the meeting, and Elsie Sanchez, Secretary thereof.

The Chairman and Secretary accepted their respective offices, and proceeded with the discharge of their duties.

A written waiver of notice of the time and place of holding the present meeting, signed by all of the Incorporators of this corporation was then presented and read by the Secretary, and the same was ordered filed and spread at length upon the minutes.

The Secretary then presented and read to the meeting a copy of the Certificate of Incorporation of the corporation and reported that on the 24th day of January, 2000, the original thereof was filed in the office of the Department of State; that the filing fees and taxes have been paid, and on motion duly made and carried, it was

RESOLVED, that said report be accepted as correct and the Secretary is directed to append these Minutes a copy of said Certificate of Incorporation and original receipt issued by the Department of State showing payment of the statutory organization tax, the filing fee and the date of filing of the Certificate.

The Incorporators then tendered their resignations as Directors and Officers of the corporation named in its Certificate of Incorporation, effective immediately upon the adjournment of this meeting, and upon motion duly made, seconded, and unanimously adopted, said resignations were accepted and ordered spread upon the minutes.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that this corporation shall have a board of directors consisting of two members.

Upon motion duly made, seconded and unanimously carried, the following named persons were elected as Directors of the corporation to serve until the next annual meeting of the Stockholders or until their successors are duly elected and qualified:

Velappan Veeraswamy

Karen Veeraswamy

The Chairman then reported that Spiegel & Utrera, P.A., P.C.'s legal services had been requested to form the Corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the Treasurer was directed to pay from the Corporate funds, the total expenses of organizing the Corporation, approval for payment being given for the legal services rendered by Spiegel & Utrera, P.A., P.C. to the Corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that Elsie Sanchez or Margarita M. Sabalones, if requested by the corporation, shall be appointed treasurer or assistant treasurer of this corporation for the sole purpose of completing and submitting to the Internal Revenue Service form SS-4, Application for Employer Identification Number.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that Russell D. Williams, Esquire, staff counsel of Spiegel & Utrera, P.A., P.C., if requested by the corporation, shall be appointed assistant secretary of this Corporation for the sole purpose of completing and submitting to the New York Department of Revenue, Application for New York Sales and Use Tax.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the above-named directors of this corporation be promptly notified of their election and requested to meet at their earliest opportunity after the adjournment of this meeting to elect the officers of the corporation and to take such action as may be deemed necessary to complete the organization of the corporation.

Upon motion duly made, seconded and unanimously carried, it was

RESOLVED that the board of directors be and they are hereby authorized to issue all of the unsubscribed capital stock of this corporation at such time and in such amounts as shall be determined by the board, and to accept in payment thereof money, labor done, labor for future services, or such property as the board of directors may determine may be necessary of the use and lawful purposes of the corporation.

The Chairman then submitted for the consideration of the meeting a set of proposed By-laws and stated that the same had been prepared by counsel for the corporation in accordance with the instructions of the Incorporators.

The same were then taken up, read and considered, clause by clause, and adopted as the By-laws of the corporation.

EXHIBIT  C

UNITED STATED BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

Velappan Veeraswamy,

                    Debtor.
--------------------------------------------------------X

                Chapter 13

                Case No. 18-42030-CEC

## ORDER CONVERTING CASE TO CHAPTER 7

      WHEREAS, on April 12, 2018, Velappan Veeraswamy (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code; and

      WHEREAS, on May 14, 2018, Karen Veeraswamy ("Mrs. Veeraswamy") filed a motion to convert this case to chapter 7 pursuant to 11 U.S.C. § 1307(c)(1) and (11) (the "Motion to Convert"), alleging that the Debtor has not paid domestic support obligations and asserting that liquidation of the Debtor's assets is in the best interests of creditors and the estate; and

      WHEREAS, 11 U.S.C. § 1307(c) provides, in part:
> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> * * *
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

      AND WHEREAS, at the June 7, 2018 hearing on the Motion to Convert, the Debtor requested dismissal of the case pursuant to 11 U.S.C. § 1307(a); and

      WHEREAS, "a debtor does not have an absolute right to voluntarily dismiss [his] case when bad faith is established," In re Armstrong, 408 B.R. 559, 569 (Bankr. E.D.N.Y. 2009), as amended (July 20, 2009); and

      WHEREAS, is it undisputed that the "Debtor did not pay any domestic support obligation that first became payable after the date of the filing of the petition" (Joint Pre-Trial Order ¶ 5, ECF No. 43); and

      WHEREAS, on August 2, 2018, an evidentiary hearing was held on whether the Debtor filed this case in bad faith; and

WHEREAS, at the conclusion of the evidentiary hearing, the Court determined that this case was filed in bad faith based upon the Debtor's failure to list the domestic support obligation owed to Mrs. Veeraswamy on Schedule E/F or to list the pending matrimonial action on the Schedule of Financial Affairs; and

WHEREAS, the Court determined that the conversion of this case is in the best interests of creditors and the estate, because conversion, rather than dismissal, has a higher likelihood of preserving any equity in the assets of the estate for distribution to creditors;

NOW, THEREFORE, it is

ORDERED, that pursuant to 11 U.S.C. § 1307(c), this case is converted to one under chapter 7 of the Bankruptcy Code.



**Dated: Brooklyn, New York**
August 2, 2018

Carla E. Craig
United States Bankruptcy Judge

# United States Bankruptcy Court
# Eastern District of New York

Drop box filer form (to be filled out and added to envelope):

Filer's Full Name: _KAREN VEERASWAMY_

Address: _____

Phone Number: _680-800-7114_

Email Address: _ammasami @ gmail.com_

If required, Related Case Number: _____

Debtor(s) names: _Ashard Enterprise Inc._
_Chapter 11 Case No 13-44999_
_Motion to Reopen Case_
_Money Orders enclosed_

RECEIVED/00

2021 OCT - 8  A  9:49

